ELECTRONICALLY FILED
6/24/2022 3:35 PM
05-CV-2022-900652.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>05<br><br>Date of Filing:<br>06/24/2022 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA
### MICHAEL J SICA v. BRUNSWICK CORPORATION D/B/A MERCURY MARINE

**First Plaintiff:** ☐ Business ☑ Individual   **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other   ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| TOB002 | 6/24/2022 3:35:57 PM | /s/ DESMOND V TOBIAS |
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

ELECTRONICALLY FILED
6/24/2022 3:35 PM
05-CV-2022-900652.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **MICHAEL J. SICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.:** |
| **BRUNSWICK CORPORATION d/b/a MERCURY** | § | |
| **MARINE; 1-10, whether singular or plural, individuals,** | § | **CV-2022-_____** |
| **partnerships, corporations, companies, or other legal** | § | |
| **entities that designed, manufactured, marketed, sold,** | § | |
| **distributed, retailed, supplied or otherwise placed in the** | § | |
| **stream of commerce that certain Mercury 250 HP CXL** | § | |
| **Verado outboard motor, including its top cowl (Serial No.** | § | |
| **2B572806, Model No. 12500017), in its defective and/or** | § | |
| **unreasonably dangerous condition hereinafter described in** | § | |
| **this Complaint; 11-20, whether singular or plural, the** | § | |
| **individuals, partnerships, corporations, companies, or other** | § | |
| **legal entities that designed, manufactured, marketed, sold,** | § | |
| **distributed, retailed, supplied or otherwise placed in the** | § | |
| **stream of commerce that certain Mercury 250 HP CXL** | § | |
| **Verado outboard motor, including its top cowl, hereinafter** | § | |
| **described in this Complaint and thereby impliedly** | § | |
| **warranted that it was merchantable and/or fit for the** | § | |
| **purposes for which it was designed; 21-30, whether singular** | § | |
| **or plural, the individuals, partnerships, corporations,** | § | |
| **companies, or other legal entities that negligently and/or** | § | |
| **wantonly designed, manufactured, assembled, inspected,** | § | |
| **tested, packaged, labeled, failed to provide adequate** | § | |
| **warnings for, sold, installed, repaired and/or maintained** | § | |
| **that certain Mercury 250 HP CXL Verado outboard motor,** | § | |
| **including its top cow, hereinafter described in this** | § | |
| **Complaint; 31-40, whether singular or plural, the** | § | |
| **individuals, partnerships, corporations, companies, or other** | § | |
| **legal entities that suppressed, concealed, failed to disclose,** | § | |
| **and/or to warn Plaintiff that the subject Mercury 250 HP CXL** | § | |
| **Verado outboard motor, including its top cowl, was defective** | § | |
| **and/or unreasonably dangerous; 41-50, whether singular or** | § | |
| **plural, the person, firm, corporation or other entity, whose** | § | |
| **negligence, wantonness, or other tortious conduct caused** | § | |
| **Michael Sica to be injured, all of whose true legal names and** | § | |
| **identities are unknown at this time but will be substituted** | § | |
| **by amendment when ascertained,** | § | |
| | § | |
| **Defendants.** | | |

## COMPLAINT

Plaintiff, Michael Sica, files this Complaint against Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious defendants 1-50, stating as follows:

## I.    **PARTIES**

1.    Plaintiff Michael Sica is an adult resident citizen of Orange Beach (Baldwin County), Alabama.

2.    Defendant Brunswick Corporation is a corporation organized and existing under the laws of Delaware with its principal place of business in Fond du Lac, Wisconsin, was doing business as Mercury Marine in Baldwin County, Alabama, has an authorized Mercury Marine dealership physically in Baldwin County, Alabama, to sell their products, and sold the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl (Serial No. 2B572806, Model No. 12500017) and placed it into the stream of commerce in Baldwin County, Alabama.

3.    There is jurisdiction over all Defendants because they transact business on a regular and continuing basis in Baldwin County, Alabama and each of them caused tortuous injury to Plaintiff in the State of Alabama.

4.    Fictitious Defendants 1-10 are individuals, partnerships, corporations, companies, or other legal entities that designed, manufactured, marketed, sold, distributed, retailed, supplied or otherwise placed in the stream of commerce the Subject Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl in its defective and/or unreasonably dangerous condition.  Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time or, if the true names are known to

Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

5.      Fictitious Defendants 11-20 are individuals, partnerships, corporations, companies, or other legal entities that designed, manufactured, marketed, sold, distributed, retailed, supplied or otherwise placed in the stream of commerce the Subject Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl and thereby impliedly warranted that it was merchantable and/or fit for the purposes for which it was designed.  Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time or, if the true names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

6.      Fictitious Defendants 21-30 are individuals, partnerships, corporations, companies, or other legal entities that negligently and/or wantonly designed, manufactured, assembled, inspected, tested, packaged, labeled, failed to provide adequate warnings for, sold, installed, repaired and/or maintained the Subject Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl.  Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time or, if the true names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

7.      Fictitious Defendants 31-40 are individuals, partnerships, corporations, companies, or other legal entities that suppressed, concealed, failed to disclose, and/or to warn Plaintiff that the Subject Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl, hereinafter described in this Complaint was defective and/or unreasonably

dangerous. Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time or, if the true names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

8.      Fictitious Defendants 41-50 are the persons, firms, corporations or other entities, whose negligence, wantonness, or other tortious conduct caused Michael Sica to be injured. Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time or, if the true names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

## II.      JURISDICTION AND VENUE

9.      This is an action for damages in excess of the jurisdictional limits of this Court.

10.     This action is brought pursuant to the general maritime law and to the extent not applicable, Alabama law, and the court has subject matter jurisdiction over this action under the Savings to Suitors clause of 28 U.S.C. §13331) and Ala. Code § 12-11-30.

## III.      FACTUAL ALLEGATIONS

11.     On or about August 5, 2021, the Plaintiff, Michael J. Sica, was injured as the result of an incident occurring on navigable waters in Baldwin County, Alabama when a defective and unreasonably dangerous Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl severed the left index finger and lacerated his left middle finger after being caught in a dangerous pinch point on the ventilation port of the top cowl of the subject motor at a marina in Orange Beach, Alabama where the boat was docked following an offshore fishing trip. Plaintiff, Michael J. Sica, was at the stern of a recreational fishing vessel

cleaning up following a fishing trip, when another member of the fishing party stepped on the vessel causing it to rock.  Plaintiff tried to steady his balance by placing his left hand on the cowling top and then continued to fall towards the stern.  Plaintiff's fingers became stuck in the pinch point on the stern side of the ventilation port of the subject top cowl of the motor.  Plaintiff continued to fall into the water but his index finger remained lodged in the stern end of the ventilation port on the top cowl and was severed from his body.

12.    It is well known in the marine outboard industry and human factors standards, as well as other relevant design standards, that pinch points are created when two surfaces come together and that parts of the body and fingers, in particular, can be impacted.  Accordingly, edges and corners should be rounded with as large a rounding radius as practical.  In the subject Mercury 250 HP CXL outboard motor, the stern end of the cowling vent ended in a very sharp, unrounded, and overly narrow pinch point, thereby creating a defective and unreasonably dangerous condition which caused injury to Plaintiff.

13.    At all times material hereto, the Defendant was in the business of designing, manufacturing, and distributing outboard motors and so did business in the State of Alabama, and was responsible for inspection, performance, condition, sale, engineering, marketing, and delivery of the Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl made the basis of this action, and whose tortious acts proximately caused the Plaintiff's injuries and damages as complained of herein.

14.    On or about August 5, 2021, said defects of the Subject Mercury 250 HP CXL outboard motor, and its top plastic cowl, caused the Plaintiff, Michael J. Sica, to sustain the following injuries, including, but not limited to, the following:  amputation of his left index finger on his dominant hand and laceration of his middle finger of the left hand.  The Plaintiff was made

sore and lame, he suffered extreme pain, and he is permanently injured.  Additionally, the Plaintiff was caused to incur medical expenses for the treatment of his injuries and will be caused to incur additional medical expenses in the future, he suffered lost wages, he was caused to suffer both physically and emotionally and still so suffers and will so suffer in the future, and he suffered mental anguish as a result of his injuries.

15.     Prior to the time of the incident complained of herein, the Defendants knew, or should have known, of the defective and unreasonably dangerous condition of the Subject Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl.

## COUNT ONE
## 402A STRICT LIABILITY

16.     The Plaintiff, Michael J. Sica, adopts and realleges the allegations of paragraphs one (1) through fourteen (14) of this Complaint as if fully set forth herein.

17.     The Plaintiff alleges that on or about August 5, 2021, the subject Mercury 250 HP CXL Verado outboard motor and top cowling vent was defective, causing the Plaintiff, Michael J. Sica, to suffer injuries and damages as complained of herein.  As a result thereof, the Plaintiff prosecutes this claim pursuant to the Section 402A of the Restatement (Second) of Torts.

18.     Prior to the aforesaid time and place, the Defendants, Brunswick Corporation d/b/a Mercury Marine and fictitious defendants 1-50, were engaged in the business of designing, manufacturing, inspecting, servicing, delivering, supplying, selling, engineering, marketing, and/or distributing the subject Mercury 250 HP CXL Verado outboard motor and top cowling vent throughout the United States, including the State of Alabama.  During said period of time and for valuable consideration, said Defendants designed, manufactured, inspected, serviced, delivered,

supplied, sold, and/or distributed the subject Mercury 250 HP CXL Verado outboard motor and top cowling vent which caused injuries and damages to the Plaintiff as complained of herein.

19.     Plaintiff expressly alleges that, to the extent any Defendant is deemed or found to be a distributor of the subject Mercury 250 HP CXL Verado outboard motor and top cowling vent, such Defendant was not merely a conduit of the product, but rather committed independent acts or omissions that either were causally related to the product's defective or unreasonably dangerous condition or were substantial factors in causing injury to Plaintiff, including but not limited to improper marketing, packaging, failing to include instructions and/or warnings, assembling, selling, testing, inspecting, installing, maintaining and/or repairing the product.

20.     The subject Mercury 250 HP CXL Verado outboard motor and top cowling vent reached the subject vessel, and ultimately Mr. Sica, the ultimate users, or consumers of the product, without any substantial change in its condition from the time it was designed, manufactured, marketed, sold, distributed, retailed, supplied, or otherwise placed in the stream of commerce by Defendants and/or Defendants 1-50.

21.     The Plaintiff alleges that his injuries and damages as complained of herein were caused as a proximate result of the violation of Section 402A and/or Strict Liability Doctrine and other wrongful conduct of the Defendants as described herein.

22.     More specifically, the subject Mercury 250 HP CXL Verado outboard motor and top cowling vent was defective and unreasonably dangerous in that its stern end of the top cowling vent created an overly sharp and thin knife-like pinch point which caused injury to Plaintiff, including finger amputation.

23.     At all times material hereto, the subject Mercury 250 HP CXL Verado outboard motor and top cowling vent was in a defective condition and was in an unreasonably dangerous condition in the following particulars:

    a.   Defendants failed to design, manufacture, and provide a top cowling vent with a rounded edge that did not present a knife-like pinch point that could sever fingers during normal use;

    b.   Defendants failed to use design and engineering skill or knowledge to produce a top cowling vent that would not allow pinch points that could sever fingers during normal use;

    c.   Defendants failed to adequately inspect and test the top cowling vent for safety prior to offering it for distribution and sale;

    d.   Defendants failed to discover that the top cowling was dangerously defective, improperly designed and manufactured, inadequately tested and inspected, unfit and unsafe for use, constituting a hazard for consumers, specifically the Plaintiff;

    e.   Defendants failed by allowing a product into the stream of commerce that was not reasonably safe according to generally accepted production standards and practices;

    f.   Defendants failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain, and to monitor their products so they would be reasonably safe for their intended use, foreseeable misuse, and to eliminate foreseeable risks of harm;

    g.   Defendants failed to design, manufacture, assemble, inspect, install, test, sell, service, maintain, and to monitor its products so they would not cause injury to those relying upon their product;

    h.   Defendants failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain and monitor their products with appropriate safety devices and mechanisms, where reasonably feasible, that would prevent injury;

    i.   Defendants failed to warn those who purchased their products and those using their products about the dangers attendant to that use;

    j.   Defendants failed to instruct those who purchased their products and those using their products of the proper methods and manner of installing and using them;

k.   Defendants failed to place clear and conspicuous warning signs and labels on the product itself, warning of the possible, probable and foreseeable dangers associated with the use of its product;

l.   Defendants failed to place clear and conspicuous warnings and/or labels on the product to warn against and prevent such use and/or misuse which is foreseeable;

m.   Defendants failed to place clear and conspicuous stickers and labels on the product to warn against and prevent the use of their products when used in connection with other products which are not equipped with proper safety devices;

n.   Defendants failed in other respects, to be proved through further discovery.

23.   As a proximate result of the wrongful conduct of the Defendants, and the aforesaid defective and unreasonably dangerous conditions, the Plaintiff, Michael J. Sica, suffered injuries and damages as complained of herein.

WHEREFORE, the Plaintiff, Michael J. Sica, demands judgment against the Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious parties, 1-50, jointly and severally, for compensatory and punitive damages in excess of the jurisdictional limits of this Court.

## COUNT TWO
## NEGLIGENCE

24.   The Plaintiff, Michael J. Sica, adopts and realleges the allegations of paragraphs one (1) through twenty-three (23) of this Complaint as if fully set forth herein.

25.     In addition, Defendants breached their aforesaid duties by negligently designing, inspecting, manufacturing, marketing and selling the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl, in an unreasonably dangerous and defective condition.  Specifically, the Defendants were negligent in the following respects:

a.  Defendants failed to design, manufacture, and provide a top cowling vent with a rounded edge that did not present a knife-like pinch point that could sever fingers during normal use;

b.  Defendants failed to use design and engineering skill or knowledge to produce a top cowling vent that would not allow pinch points that could sever fingers during normal use;

c.  Defendants failed to adequately inspect and test the top cowling vent for safety prior to offering it for distribution and sale;

d.  Defendants failed to discover that the top cowling was dangerously defective, improperly designed and manufactured, inadequately tested and inspected, unfit and unsafe for use, constituting a hazard for consumers, specifically the Plaintiff;

e.  Defendants failed by allowing a product into the stream of commerce that was not reasonably safe according to generally accepted production standards and practices;

f.  Defendants failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain, and to monitor their products so they would be reasonably safe for their intended use, foreseeable misuse, and to eliminate foreseeable risks of harm;

g.  Defendants failed to design, manufacture, assemble, inspect, install, test, sell, service, maintain, and to monitor its products so they would not cause injury to those relying upon their product;

h.  Defendants failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain and monitor their products with appropriate safety devices and mechanisms, where reasonably feasible, that would prevent injury;

i.  Defendants failed to warn those who purchased their products and those using their products about the dangers attendant to that use;

j.  Defendants failed to instruct those who purchased their products and those using their products of the proper methods and manner of installing and using them;

k.  Defendants failed to place clear and conspicuous warning signs and labels on the product itself, warning of the possible, probable and foreseeable dangers associated with the use of its product;

l.  Defendants failed to place clear and conspicuous warnings and/or labels on the product to warn against and prevent such use and/or misuse which is foreseeable;

m.  Defendants failed to place clear and conspicuous stickers and labels on the product to warn against and prevent the use of their products when used in connection with other products which are not equipped with proper safety devices;

n.  Defendants failed in other respects, to be proved through further discovery.

26.  The Plaintiff avers that the Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious parties, 1-50, negligently designed, manufactured, delivered, supplied, sold, distributed, inspected, installed, serviced, and/or repaired the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl, in such a manner that it was reasonably foreseeable that said top cowl would cause injury and damage to Plaintiff, and would fail in the manner in which it did.  Said negligent conduct of the Defendants was a proximate cause of the Plaintiff's injuries and damages as complained of herein.

27.  The Plaintiff alleges that his injuries and damages as complained of herein were caused as a proximate result of the negligent conduct and other wrongful conduct of the Defendants as aforesaid, and as a proximate result of the defective and unreasonably dangerous conditions as described herein.

WHEREFORE, the Plaintiff, Michael J. Sica, demands judgment against the Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious parties, 1-50, jointly and severally, for compensatory damages in excess of the jurisdictional limits of this Court.

## COUNT THREE
## WANTONNESS

28.    The Plaintiff, Michael J. Sica, adopts and realleges the allegations of paragraphs one (1) through twenty-seven (27) of this Complaint as if fully set forth herein.

29.    Plaintiff avers that the Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious parties, 1-50, wantonly designed, manufactured, delivered, supplied, sold, distributed, inspected, installed, serviced, and/or repaired the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl, in such a manner that it was reasonably foreseeable that said top cowl would fail in the manner in which it did.   Said wanton conduct of the Defendants was a proximate cause of the Plaintiff's injuries and damages as complained of herein.

30.    In addition, Defendants breached their aforesaid duties by wantonly designing, inspecting, manufacturing, marketing and selling the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl, in an unreasonably dangerous and defective condition.   Specifically, the Defendants were wanton in the following respects:

    a.    Defendants failed to design, manufacture, and provide a top cowling vent with a rounded edge that did not present a knife-like pinch point that could sever fingers during normal use;

    b.    Defendants failed to use design and engineering skill or knowledge to produce a top cowling vent that would not allow pinch points that could sever fingers during normal use;

12

c.   Defendants failed to adequately inspect and test the top cowling vent for safety prior to offering it for distribution and sale;

d.   Defendants failed to discover that the top cowling was dangerously defective, improperly designed and manufactured, inadequately tested and inspected, unfit and unsafe for use, constituting a hazard for consumers, specifically the Plaintiff;

e.   Defendants failed by allowing a product into the stream of commerce that was not reasonably safe according to generally accepted production standards and practices;

f.   Defendants failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain, and to monitor their products so they would be reasonably safe for their intended use, foreseeable misuse, and to eliminate foreseeable risks of harm;

g.   Defendants failed to design, manufacture, assemble, inspect, install, test, sell, service, maintain, and to monitor its products so they would not cause injury to those relying upon their product;

h.   Defendants failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain and monitor their products with appropriate safety devices and mechanisms, where reasonably feasible, that would prevent injury;

i.   Defendants failed to warn those who purchased their products and those using their products about the dangers attendant to that use;

j.   Defendants failed to instruct those who purchased their products and those using their products of the proper methods and manner of installing and using them;

k.   Defendants failed to place clear and conspicuous warning signs and labels on the product itself, warning of the possible, probable and foreseeable dangers associated with the use of its product;

l.   Defendants failed to place clear and conspicuous warnings and/or labels on the product to warn against and prevent such use and/or misuse which is foreseeable;

m.  Defendants failed to place clear and conspicuous stickers and labels on the product to warn against and prevent the use of their products when used in connection with other products which are not equipped with proper safety devices;

     n.  Defendants failed in other respects, to be proved through further discovery.

31.    The Plaintiff alleges that his injuries and damages as complained of herein were caused as a proximate result of the negligent conduct and other wrongful conduct of the Defendants as aforesaid, and as a proximate result of the defective and unreasonably dangerous conditions as described herein.

WHEREFORE, the Plaintiff, Michael J. Sica, demands judgment against the Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious parties, 1-50, jointly and severally, for compensatory and punitive damages in excess of the jurisdictional limits of this Court.

## COUNT FOUR
## BREACH OF IMPLIED WARRANTY

32.    The Plaintiff, Michael J. Sica, adopts and realleges the allegations of paragraphs one (1) through thirty-one (31) of this Complaint as if fully set forth herein.

33.    The Plaintiff avers that the Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious parties, 1-50, impliedly warranted that the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl, were reasonably fit and suitable for the purpose for which it was intended to be used.  The Plaintiff avers that said Defendants breached said implied warranties in that the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl, were not reasonably fit and suitable for the purposes for which they were intended to be used but, to the contrary, said top cowl, was in a dangerously defective and unsafe condition.  The Plaintiff further avers that, as a proximate result of the aforesaid breach of warranties by said Defendants, the Plaintiff sustained injuries and damages as complained of herein.

34.     The Plaintiff alleges that his injuries and damages as complained of herein were caused as a proximate result of the wrongful conduct of the Defendants as aforesaid, and as a proximate result of the defective and unreasonably dangerous conditions as described herein.

WHEREFORE, the Plaintiff, Michael J. Sica, demands judgment against the Defendants, Brunswick Corporation d/b/a Mercury Marine and fictitious parties, 1-50, jointly and severally, for compensatory damages in excess of the jurisdictional limits of this Court.

TOBIAS & COMER LAW, LLC
Attorneys for Plaintiff

*/s  Desmond V. Tobias*
DESMOND V. TOBIAS (TOB002)
BRYAN E. COMER (COM015)
1203 Dauphin Street
Mobile, Alabama 36604
Telephone:     (251) 432-5001
Facsimile:     (251) 432-0714
desi@tobiascomerlaw.com
bryan@tobiascomerlaw.com


**PLAINTIFFS RESPECTFULLY DEMAND A TRIAL BY JURY.**

s/*Desmond V. Tobias*



**PLEASE SERVE DEFENDANT AS FOLLOWS:**

Brunswick Corporation d/b/a Mercury Marine
c/o CT Corp System
2 North Jackson Street, Suite 605
Montgomery, AL  36104

ELECTRONICALLY FILED
6/24/2022 3:35 PM
05-CV-2022-900652.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

# IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| **MICHAEL J. SICA,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | § |
| **BRUNSWICK CORPORATION d/b/a MERCURY** | § **CIVIL ACTION NO.:** |
| **MARINE; 1-10, whether singular or plural, individuals,** | § |
| **partnerships, corporations, companies, or other legal** | § **CV-2022-_____** |
| **entities that designed, manufactured, marketed, sold,** | § |
| **distributed, retailed, supplied or otherwise placed in the** | § |
| **stream of commerce that certain Mercury 250 HP CXL** | § |
| **Verado outboard motor, including its top cowl (Serial No.** | § |
| **2B572806, Model No. 12500017), in its defective and/or** | § |
| **unreasonably dangerous condition hereinafter described in** | § |
| **this Complaint; 11-20, whether singular or plural, the** | § |
| **individuals, partnerships, corporations, companies, or other** | § |
| **legal entities that designed, manufactured, marketed, sold,** | § |
| **distributed, retailed, supplied or otherwise placed in the** | § |
| **stream of commerce that certain Mercury 250 HP CXL** | § |
| **Verado outboard motor, including its top cowl, hereinafter** | § |
| **described in this Complaint and thereby impliedly** | § |
| **warranted that it was merchantable and/or fit for the** | § |
| **purposes for which it was designed; 21-30, whether singular** | § |
| **or plural, the individuals, partnerships, corporations,** | § |
| **companies, or other legal entities that negligently and/or** | § |
| **wantonly designed, manufactured, assembled, inspected,** | § |
| **tested, packaged, labeled, failed to provide adequate** | § |
| **warnings for, sold, installed, repaired and/or maintained** | § |
| **that certain Mercury 250 HP CXL Verado outboard motor,** | § |
| **including its top cow, hereinafter described in this** | § |
| **Complaint; 31-40, whether singular or plural, the** | § |
| **individuals, partnerships, corporations, companies, or other** | § |
| **legal entities that suppressed, concealed, failed to disclose,** | § |
| **and/or to warn Plaintiff that the subject Mercury 250 HP CXL** | § |
| **Verado outboard motor, including its top cowl, was defective** | § |
| **and/or unreasonably dangerous; 41-50, whether singular or** | § |
| **plural, the person, firm, corporation or other entity, whose** | § |
| **negligence, wantonness, or other tortious conduct caused** | § |
| **Michael Sica to be injured, all of whose true legal names and** | § |
| **identities are unknown at this time but will be substituted** | § |
| **by amendment when ascertained,** | § |
| | § |
| **Defendants.** | |

**PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT BRUNSWICK CORPORATION D/B/A MERCURY MARINE**

## INTERROGATORIES

1.    State whether this Defendant is properly named in the Plaintiff's complaint. If not, provide the proper legal name for this entity.

**ANSWER:**

2.    State the name and address of the person answering these Interrogatories and, if applicable, the person's official position and/or relationship with the party to whom the Interrogatories are directed.

**ANSWER:**

3.    Answer the following questions concerning the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), including its top cowl:

　　　a. Where was the outboard motor and its top cowling manufactured?

　　　b. When was the outboard motor and its top cowling manufactured?

　　　c. How many of these type outboard motors and their top cowlings were manufactured by your company between 2015 and the present date?

**ANSWER:**

4.    If you have received a customer complaint, adjustment request, warranty claim, or lawsuit regarding the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), including its top cowl, described in the Plaintiff's complaint, answer the following questions:

　　　a. The name and address of each person complaining;

b. The type of complaint made;

c. A description of each complaint;

d. The caption and location of each lawsuit;

e. The status of each complaint, request, claim, or lawsuit.

**ANSWER:**

5.      Provide any and all information regarding the date this Defendant designed, manufactured, assembled, inspected, sold, supplied, distributed, and/or delivered, the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), and top cowl, including, but not limited to, the names, addresses, and telephone numbers of all persons, firms, corporations, or other entities responsible for same.

**ANSWER:**

6.      Describe with specificity this Defendant's knowledge of any problems with the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), including the pinch point located on its top cowl, made the basis of this lawsuit.

**ANSWER:**

7.      List all warranties supplied by this Defendant for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), including its top cowl, made the basis of this lawsuit.

**ANSWER:**

8.      Identify the designer, manufacturer, distributor, and/or seller of the subject plastic top cowl, a component part of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017).

**ANSWER:**

9.      Describe any and all changes or modifications known to this Defendant which were made to the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), including its top cowl, after its design, manufacture, assembly, inspection, sale, supply, distribution, and/or delivery by this Defendant.

**ANSWER:**

10.     Describe each and every intended purpose of the subject upper cowl on the Subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017).

**ANSWER:**

11.     State when and how this Defendant first received knowledge or notice of the Plaintiff's injury on August 5, 2021, and describe this Defendant's understanding of the accident made basis of the Plaintiff's Complaint.

**ANSWER:**

12.     Identify any and all claims, claimants, and suits against this Defendant for the ten (10) years preceding the filing of this lawsuit relative to substantially similar Mercury 250 HP CXL Verado outboard motors, including their top cowls, that were designed, manufactured, assembled, inspected, sold, supplied, distributed, and/or delivered by this Defendant.

**ANSWER:**

13.     Produce records or notices of complaints regarding pinch points on Mercury 250 HP CXL Verado outboard motors, including their top cowls, that were designed, manufactured or supplied by this Defendant.

**ANSWER:**

14.     State your role in the design, manufacture, assembly, distributive chain, sale, repair

and/or maintenance of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), including its top cowl. If you claim you had no such role, identify the person or entity that did have such role.

**ANSWER:**

15.    Please list any and all standards which pertain to the design, manufacture, assembly, repair, service, inspection and/or maintenance of the subject Mercury 250 HP CXL Verado outboard motor, including the top cowl design, including all standards promulgated by local, state or governmental agencies, bureaus, commissions or industry groups and any standards which may be applicable to pinch points on the top cowl.

**ANSWER:**

16.    State whether any notice, warning, brochure, instruction, pamphlet or other printed material has ever been published and/or distributed which contains warnings concerning the possibility of injury resulting from the operation and/or use of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), including its top cowl. If so, identify each publication and/or item distributed, including, but not limited to, the title and date of each such publication and/or item, who published the material and to whom the material was distributed.

**ANSWER:**

17.    State the name, business address, business telephone number, business occupation, residence address and residence telephone number of each individual known to you, your attorneys, your insurance adjusters, or any of your agents, servants or employees who has any knowledge concerning the allegations in the complaint and, as to each such person identified, state what you understand or believe to be the substance of such knowledge.

**ANSWER:**

18.     Are you a parent company, subsidiary, branch, division or affiliated in any way, either directly or indirectly, to another corporation or other form of business entity?  If your answer is yes, please state the following:

> a) The name, address and telephone number of the principal place of business of each such business entity; and
>
> b) Your relationship with each business entity (i.e., parent, subsidiary, branch, division, etc.).

**ANSWER:**

19.     Describe the sale of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), and its top cowl, including the dates it was sold, shipped and delivered and to whom it the sale occurred.

**ANSWER:**

20.     Describe all materials shipped with the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl, including manuals, warnings, and pamphlets, including any information on the product.

**ANSWER:**

21.     Describe any testing or engineering analysis, including any mechanical pinch point analysis, conducted by this Defendant on the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), including its top cowl.

**ANSWER:**

22.     Describe the material composition of the top cowl of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), and any change in this

composition in the last ten years.

**ANSWER:**

     23.     List the number of products shipped to the State of Alabama by this Defendant in the past five years.

**ANSWER:**

     24.     Describe any and all policies of insurance which you contend covers or may cover this Defendant for the allegations set forth in the Plaintiff's Complaint, detailing as to such policies, the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

**ANSWER:**

     25.     List the names, addresses, and telephone numbers of all persons who are believed, or known by this Defendant, its agents, or its attorneys to have any knowledge concerning any issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

**ANSWER:**

     26.     State whether this Defendant is aware of any statements, written or otherwise, which are in existence in connection with the subject matter of this lawsuit. If so, state the name, residence address, and telephone number of the person making the statement, the date the statement was made, and the name, residence address, and telephone number of the person presently having custody of each such statement, and the substance of each statement.

**ANSWER:**

     27.     State the names, addresses, and telephone numbers of the expert witnesses this Defendant intends to call at the trial of this cause, including the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts

and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

28.     Provide the complete name, residence address, business address, and telephone number of any entity and/or person, party, or otherwise which this Defendant claims should be named as a party Defendant in this action.

**ANSWER:**

29.     State whether this Defendant has made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case. If so, state the terms of the agreement and the parties to it.

**ANSWER:**

30.     State the name, residence address, and telephone number of each and every person whom you know to have knowledge of any discoverable matter with regard to liability and/or damages in this case.

**ANSWER:**

## <u>REQUESTS FOR PRODUCTION</u>

1.     State the number and produce copies of the following, along with all documents relating thereto, from all sources, of which this Defendant is aware and which relate or potentially relate to the defects in the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), and its top cowl:

       a.      Owner complaints;

       b.      Field reports;

       c.      Incident reports;

  d.  Subrogation claims;

  e.  Lawsuits, and

  f.  Arbitration proceedings.

**RESPONSE:**

  2.  Produce any service bulletins, advisories, or other communication to Mercury Marine retailers, dealers or distributors, boat owners, or any field office of Brunswick Corporation d/b/a Mercury Marine, or other location, pertaining to the defects in the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), and its top cowl, and provide a representative copy of each such document.

  3.  Produce documentation of the following warranty information for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), including its top cowl:

  a.  The terms of the warranty provided by the manufacturer. If the terms changed at any time in or after the original manufacture, so state;

  b.  Describe each type of Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), and top cowl failure or other problem that is covered under warranty;

  c.  A description of each type of plastic top cowl or other problem not covered under warranty, including any changes since the original manufacture;

  d.  The total number of warranty claims, including extended warranty claims, and requests for "good will" or other adjustments received by Brunswick Corporation d/b/a Mercury Marine that relate or potentially relate to alleged defects

in the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), and its top cowl.

**RESPONSE:**

    4.    Produce any documents relating to studies, surveys, and investigations including, but not limited to, inquiries, tests, reports, assessments, and evaluations, from all sources, in possession or control of Brunswick Corporation d/b/a Mercury Marine, or of which it is otherwise aware, that relate or may relate to the alleged defect in the subject upper cowl of the Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017). Include all pertinent documents, regardless of whether they are in interim, draft, of final form, and regardless of the original purpose for gathering the information.

**RESPONSE:**

    5.    Produce any written or oral communications with retailers concerning the alleged defect in the subject upper cowl of the Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017).

**RESPONSE:**

    6.    Produce documentation of all modifications or changes made by or on behalf of Brunswick Corporation d/b/a Mercury Marine, in the manufacture, design, construction, or material composition of the subject upper cowl of the Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), from 2004 to the present date.

**RESPONSE:**

7.      If any of your employees, past or present, have provided sworn testimony in a lawsuit involving defects in the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl, between 2004 and the present, produce a copy of any such deposition in your possession or control.

**RESPONSE:**

8.      Produce all purchase and sales documents, invoices, contracts, warranty records, service records, and other documents and communications that refer to, discuss or reflect the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

9.      Produce all advertising and promotional documents, including but not limited to literature, brochures, pamphlets, photographs, video, internet and magazine campaigns, television advertisements and catalogs provided to authorized dealers and/or potential end-consumers for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl from 2004 to the present.

**RESPONSE:**

10.     Produce all documents requested or obtained by you from any third-party in connection with your efforts to discover information from third parties regarding this case, whether obtained informally through the use of authorizations provided by Plaintiff, or through formal process, subpoena, deposition on written questions or other third-party discovery technique.

**RESPONSE:**

11.     Produce all documents supporting each of your affirmative defenses.

**RESPONSE:**

12.     Produce all documents that reflect the patents and/or design specifications of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

13.     Produce all documents distributed to consumers, retailers or distributors that refer to, discuss, or reflect safety notices and communications or user instructions for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

14.     Produce the owner's manuals (and supplements thereto) for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cow for all years from the date of initial manufacture to present.

**RESPONSE:**

15.     Produce all internal emails, memoranda, and other documents showing what you knew about hazards regarding the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl and when you knew.

**RESPONSE:**

16.     For the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl, produce the bill of lading, unit inquiry, purchase order, invoice for original sale, and certificate of origin.

**RESPONSE:**

17.     Produce all engineering change orders and manufacturing documents related to the Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

18.     Produce all service bulletins applicable to the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

19.     Produce all documents relating to your field testing (or field testing conducted on your behalf by third parties) of safety devices to address the risk of finger amputations due to the knife-like sharpness of the vent on the outboard motor's top cowl.

**RESPONSE:**

20.     Produce all documents and communications addressing consumer complaints regarding the risk of finger amputations due to the knife-like sharpness of the vent on the outboard motor's top cowl.

**RESPONSE:**

21.     Produce all marketing planning documents for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

22.    Produce the product overview for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

23.    Produce all training and instructional documents, photographs and videos provided to consumers or authorized dealers of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

24.    Produce all reports, studies, analysis, research and memoranda regarding your marketing strategies for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

25.    Produce all draft and final post-sale warnings, recall notices, advisories, safety alerts, or similar documents prepared or issued by you, one of your retailers, or any government agency for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

26.    Produce your warranty agreements with your retailers and other third parties for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

27.     Produce all product safety reviews for or relating to the subject Mercury 250 HP

CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its

top cowl, whether performed by you or a third party.

**RESPONSE:**

28.     Produce all risk analysis, risk assessment, safety reports or memoranda for, or

relating to, the subject Mercury 250 HP CXL Verado outboard motor (Serial No.

2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

29.     Produce all protocols, manuals, policies, and procedures related to the following:

a.      Manufacturing and production of the subject Mercury 250 HP CXL Verado

outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl;

b.      Quality assurance, quality management and quality improvement, including

but not limited to, testing, inspection, and failure rates of the subject Mercury 250

HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and

its top cowl;

c.      Complaints and inquiries, including but not limited to, adjustments and

claim rates, from customers and employees pertaining to the subject Mercury 250

HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and

its top cowl;

d.      Marketing and sales of the subject Mercury 250 HP CXL Verado outboard

motor (Serial No. 2B572806, Model No. 12500017) and its top cowl; and

  e.  Training pertaining to the manufacturing, production, quality assurance, management and improvement of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

  30.  Produce all documents reflecting your risk and safety analysis for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

  31.  Produce all reports of injuries (including your initial summary of reports and disclosures to government agencies) to users while using the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

  32.  Produce all standards, codes, regulations, treatises, publications, and/or other supporting data or documents relied upon by each expert you will or may call at the trial of this action.

**RESPONSE:**

  33.  Any communication between you, your companies, your retailers, or your representatives and consumers or their attorneys wherein you gave a consumer some sort of deal, trade-in, adjustment, or other form of swap, exchange, or consideration after they complained about the failure or issues of the Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

    34.    Produce any and all written or oral communication between this Defendant and the manufacturer of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

    35.    Produce any and all written documents from the manufacturer of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

    36.    Produce true and complete copies of any and all documents relative to the design, manufacture, assembly, inspection, sale, supply, distribution, and/or delivery of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl, including any owner's manuals or safety manuals.

**RESPONSE:**

    37.    Produce true and complete copies of any and all brochures, manuals, booklets, sales promotional material, or other literature relative to the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

    39.    Produce true and complete copies of any and all brochures, manuals, booklets, sales

promotional material, or other literature relative to items warranted by manufacturers of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl, other than this Defendant.

**RESPONSE:**

40.    Produce true and complete copies of all regulatory standards, or other applicable standards, relative to the design and manufacture of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

41.    Produce true and complete copies of any and all warranties provided by this Defendant that were in effect on the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl, at the time of design, manufacture, assembly, inspection, and delivery.

**RESPONSE:**

42.    Produce true and complete copies of all correspondence, documents, letters, notes, memoranda, incident reports, investigation reports, or other written communication, of any type whatsoever, between any parties to this lawsuit, regarding or referring in any way to the subject matter of this lawsuit.

**RESPONSE:**

43.    Produce true and complete copies of any and all documents evidencing communication between this Defendant, and anyone acting on behalf of this Defendant, relative to complaints or problems with the subject Mercury 250 HP

CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

44.    Produce true and complete copies of any and all statements, whether written or otherwise, which are in existence in connection with the subject matter of this lawsuit.

**RESPONSE:**

45.    Produce true and complete copies of any photographs, films, slides, videos, or other graphic depictions made relative to the subject matter of this lawsuit, made at any time, or which depict the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl, and provide information regarding when the photographs, films, slides, videos, or other graphic depictions were taken, and the name, address, and telephone number of the person(s) who took same.

**RESPONSE:**

46.    Produce true and complete copies of any and all information, documentation, or thing from which this Defendant based its understanding of the cause of the accident made basis of the Plaintiff's Complaint.

**RESPONSE:**

47.    Produce true and complete copies of any and all reports, including expert and/or causation reports, prepared relative to the subject accident.

**RESPONSE:**

48.   Produce true and complete copies of this Defendant's investigative file regarding the subject accident including, but not limited to, photographs, statements, reports, etc.

**RESPONSE:**

49.   Produce true and complete copies of any and all policies of insurance which this Defendant contends covers or may cover this Defendant for the allegations set forth in the Plaintiff's Complaint.

**RESPONSE:**

50.   Produce true and complete copies of documentation, records, and/or any and all inspection or pre-inspection reports pertaining to the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl made the basis of the Plaintiff's Complaint made by or on behalf of this Defendant or this Defendant's insurance carrier(s).

**RESPONSE:**

51.   Produce true and complete copies of any reports, evaluations, notes, or other written analysis by any expert this Defendant intends to call as a witness in this case, as well as a copy of the Curriculum Vitae of each such expert.

**RESPONSE:**

52.   Produce true and complete copies of any other documentation relied upon in preparing these Answers by this Defendant.

**RESPONSE:**

TOBIAS & COMER LAW, LLC
Attorneys for Plaintiff

_s/Desmond V. Tobias_
DESMOND V. TOBIAS (TOB002)
1203 Dauphin Street
Mobile, Alabama 36604
Telephone:    (251) 432-5001
Facsimile:     (251) 432-0714
desi@tobiascomerlaw.com

AlaFile E-Notice

05-CV-2022-900652.00

To:   DESMOND V TOBIAS
      desi@tmclawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MICHAEL J SICA V. BRUNSWICK CORPORATION D/B/A MERCURY MARINE
05-CV-2022-900652.00

The following complaint was FILED on 6/24/2022 3:34:54 PM

Notice Date:     6/24/2022 3:34:54 PM

JODY L. WISE
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-9561
jody.wise@alacourt.gov



USPS CERTIFIED MAIL

**9214 8901 7301 4105 2200 0439 90**

*312 COURTHOUSE SQUARE*
*SUITE 10*
*BAY MINETTE, AL, 36507*

**05-CV-2022-900652.00**

To: BRUNSWICK CORPORATION D/B/A MERCURY MARINE
C/O CT CORP SYSTEM
2 NORTH JACKSON STE 605
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**

**MICHAEL J SICA V. BRUNSWICK CORPORATION D/B/A MERCURY MARINE**
**05-CV-2022-900652.00**

The following complaint was FILED on 6/24/2022 3:34:54 PM

Notice Date:      6/24/2022 3:34:54 PM

**JODY L. WISE**
**CIRCUIT COURT CLERK**
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL 36507

251-937-9561
jody.wise@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>05-CV-2022-900652.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA
### MICHAEL J SICA V. BRUNSWICK CORPORATION D/B/A MERCURY MARINE

**NOTICE TO:** BRUNSWICK CORPORATION D/B/A MERCURY MARINE, C/O CT CORP SYSTEM 2 NORTH JACKSON STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DESMOND V TOBIAS ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1203 Dauphin Street, MOBILE, AL 36604 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MICHAEL J SICA

pursuant to the Alabama Rules of the Civil Procedure.            *[Name(s)]*

| 06/24/2022 | /s/ JODY L. WISE | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.            /s/ DESMOND V TOBIAS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*            *(Name of County)*

Alabama on _____.

*(Date)*

_____            _____            _____

*(Type of Process Server)*            *(Server's Signature)*            *(Address of Server)*

_____

*(Server's Printed Name)*            *(Phone Number of Server)*

**UNITED STATES POSTAL SERVICE**

July 1, 2022

Dear Circuit Clerk:

| UJS Information |
|---|
| Case Number: 05-CV-2022-900652.00 |
| Document Type: Complaint |
| Restricted Delivery Requested: No |

Intended Recipient:
 BRUNSWICK CORPORATION D/B/A MERCURY MARINE
C/O CT CORP SYSTEM
2 NORTH JACKSON STE 605
MONTGOMERY, AL 36104

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4105 2200 0439 90**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Post Office |
| **Status Date / Time:** | July 1, 2022, 8:48 am |
| **Location:** | MONTGOMERY, AL 36104 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Recipient Signature

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



AlaFile E-Notice

05-CV-2022-900652.00

Judge: C. JOSEPH NORTON

To:   TOBIAS DESMOND VAUGHN
desi@tmclawyers.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MICHAEL J SICA V. BRUNSWICK CORPORATION D/B/A MERCURY MARINE
05-CV-2022-900652.00

The following matter was served on 7/1/2022

**D001 BRUNSWICK CORPORATION D/B/A MERCURY MARINE**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JODY L. WISE
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-9561
jody.wise@alacourt.gov



AlaFile E-Notice

05-CV-2022-900652.00

Judge: C. JOSEPH NORTON

To:   COMER BRYAN EUGENE
      bryan@tobiascomerlaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MICHAEL J SICA V. BRUNSWICK CORPORATION D/B/A MERCURY MARINE
05-CV-2022-900652.00

The following matter was served on 7/1/2022

**D001 BRUNSWICK CORPORATION D/B/A MERCURY MARINE**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JODY L. WISE
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-9561
jody.wise@alacourt.gov



AlaFile E-Notice

05-CV-2022-900652.00

Judge: C. JOSEPH NORTON

To: BRUNSWICK CORPORATION D/B/A MERCURY MARINE (PRO SE
C/O CT CORP SYSTEM
2 NORTH JACKSON STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MICHAEL J SICA V. BRUNSWICK CORPORATION D/B/A MERCURY MARINE
05-CV-2022-900652.00

The following matter was served on 7/1/2022

**D001 BRUNSWICK CORPORATION D/B/A MERCURY MARINE**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JODY L. WISE
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-9561
jody.wise@alacourt.gov

ELECTRONICALLY FILED
7/20/2022 8:38 AM
05-CV-2022-900652.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

**MICHAEL J. SICA,** §
§
   **Plaintiff,** §
§
**v.** §
§  **CIVIL ACTION NO.:**
§
**BRUNSWICK CORPORATION d/b/a MERCURY** §  **CV-2022-_ 900652 _**
**MARINE; 1-10, whether singular or plural, individuals,** §
**partnerships, corporations, companies, or other legal** §
**entities that designed, manufactured, marketed, sold,** §
**distributed, retailed, supplied or otherwise placed in the** §
**stream of commerce that certain Mercury 250 HP CXL** §
**Verado outboard motor, including its top cowl (Serial No.** §
**2B572806, Model No. 12500017), in its defective and/or** §
**unreasonably dangerous condition hereinafter described in** §
**this Complaint; 11-20, whether singular or plural, the** §
**individuals, partnerships, corporations, companies, or other** §
**legal entities that designed, manufactured, marketed, sold,** §
**distributed, retailed, supplied or otherwise placed in the** §
**stream of commerce that certain Mercury 250 HP CXL** §
**Verado outboard motor, including its top cowl, hereinafter** §
**described in this Complaint and thereby impliedly** §
**warranted that it was merchantable and/or fit for the** §
**purposes for which it was designed; 21-30, whether singular** §
**or plural, the individuals, partnerships, corporations,** §
**companies, or other legal entities that negligently and/or** §
**wantonly designed, manufactured, assembled, inspected,** §
**tested, packaged, labeled, failed to provide adequate** §
**warnings for, sold, installed, repaired and/or maintained** §
**that certain Mercury 250 HP CXL Verado outboard motor,** §
**including its top cow, hereinafter described in this** §
**Complaint; 31-40, whether singular or plural, the** §
**individuals, partnerships, corporations, companies, or other** §
**legal entities that suppressed, concealed, failed to disclose,** §
**and/or to warn Plaintiff that the subject Mercury 250 HP CXL** §
**Verado outboard motor, including its top cowl, was defective** §
**and/or unreasonably dangerous; 41-50, whether singular or** §
**plural, the person, firm, corporation or other entity, whose** §
**negligence, wantonness, or other tortious conduct caused** §
**Michael Sica to be injured, all of whose true legal names and** §
**identities are unknown at this time but will be substituted** §
**by amendment when ascertained,** §
§

   **Defendants.**

## COMPLAINT

Plaintiff, Michael Sica, files this Complaint against Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious defendants 1-50, stating as follows:

## I.   PARTIES

1.     Plaintiff Michael Sica is an adult resident citizen of Orange Beach (Baldwin County), Alabama.

2.     Defendant Brunswick Corporation is a corporation organized and existing under the laws of Delaware with its principal place of business in Fond du Lac, Wisconsin, was doing business as Mercury Marine in Baldwin County, Alabama, has an authorized Mercury Marine dealership physically in Baldwin County, Alabama, to sell their products, and sold the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl (Serial No. 2B572806, Model No. 12500017) and placed it into the stream of commerce in Baldwin County, Alabama.

3.     There is jurisdiction over all Defendants because they transact business on a regular and continuing basis in Baldwin County, Alabama and each of them caused tortuous injury to Plaintiff in the State of Alabama.

4.     Fictitious Defendants 1-10 are individuals, partnerships, corporations, companies, or other legal entities that designed, manufactured, marketed, sold, distributed, retailed, supplied or otherwise placed in the stream of commerce the Subject Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl in its defective and/or unreasonably dangerous condition.  Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time or, if the true names are known to

Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

5.      Fictitious Defendants 11-20 are individuals, partnerships, corporations, companies, or other legal entities that designed, manufactured, marketed, sold, distributed, retailed, supplied or otherwise placed in the stream of commerce the Subject Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl and thereby impliedly warranted that it was merchantable and/or fit for the purposes for which it was designed.  Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time or, if the true names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

6.      Fictitious Defendants 21-30 are individuals, partnerships, corporations, companies, or other legal entities that negligently and/or wantonly designed, manufactured, assembled, inspected, tested, packaged, labeled, failed to provide adequate warnings for, sold, installed, repaired and/or maintained the Subject Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl.  Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time or, if the true names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

7.      Fictitious Defendants 31-40 are individuals, partnerships, corporations, companies, or other legal entities that suppressed, concealed, failed to disclose, and/or to warn Plaintiff that the Subject Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl, hereinafter described in this Complaint was defective and/or unreasonably

dangerous. Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time or, if the true names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

8.     Fictitious Defendants 41-50 are the persons, firms, corporations or other entities, whose negligence, wantonness, or other tortious conduct caused Michael Sica to be injured. Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time or, if the true names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

## II.     JURISDICTION AND VENUE

9.     This is an action for damages in excess of the jurisdictional limits of this Court.

10.     This action is brought pursuant to the general maritime law and to the extent not applicable, Alabama law, and the court has subject matter jurisdiction over this action under the Savings to Suitors clause of 28 U.S.C. §13331) and Ala. Code § 12-11-30.

## III.     FACTUAL ALLEGATIONS

11.     On or about August 5, 2021, the Plaintiff, Michael J. Sica, was injured as the result of an incident occurring on navigable waters in Baldwin County, Alabama when a defective and unreasonably dangerous Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl severed the left index finger and lacerated his left middle finger after being caught in a dangerous pinch point on the ventilation port of the top cowl of the subject motor at a marina in Orange Beach, Alabama where the boat was docked following an offshore fishing trip. Plaintiff, Michael J. Sica, was at the stern of a recreational fishing vessel

cleaning up following a fishing trip, when another member of the fishing party stepped on the vessel causing it to rock. Plaintiff tried to steady his balance by placing his left hand on the cowling top and then continued to fall towards the stern. Plaintiff's fingers became stuck in the pinch point on the stern side of the ventilation port of the subject top cowl of the motor. Plaintiff continued to fall into the water but his index finger remained lodged in the stern end of the ventilation port on the top cowl and was severed from his body.

12. It is well known in the marine outboard industry and human factors standards, as well as other relevant design standards, that pinch points are created when two surfaces come together and that parts of the body and fingers, in particular, can be impacted. Accordingly, edges and corners should be rounded with as large a rounding radius as practical. In the subject Mercury 250 HP CXL outboard motor, the stern end of the cowling vent ended in a very sharp, unrounded, and overly narrow pinch point, thereby creating a defective and unreasonably dangerous condition which caused injury to Plaintiff.

13. At all times material hereto, the Defendant was in the business of designing, manufacturing, and distributing outboard motors and so did business in the State of Alabama, and was responsible for inspection, performance, condition, sale, engineering, marketing, and delivery of the Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl made the basis of this action, and whose tortious acts proximately caused the Plaintiff's injuries and damages as complained of herein.

14. On or about August 5, 2021, said defects of the Subject Mercury 250 HP CXL outboard motor, and its top plastic cowl, caused the Plaintiff, Michael J. Sica, to sustain the following injuries, including, but not limited to, the following: amputation of his left index finger on his dominant hand and laceration of his middle finger of the left hand. The Plaintiff was made

sore and lame, he suffered extreme pain, and he is permanently injured.  Additionally, the Plaintiff was caused to incur medical expenses for the treatment of his injuries and will be caused to incur additional medical expenses in the future, he suffered lost wages, he was caused to suffer both physically and emotionally and still so suffers and will so suffer in the future, and he suffered mental anguish as a result of his injuries.

15.    Prior to the time of the incident complained of herein, the Defendants knew, or should have known, of the defective and unreasonably dangerous condition of the Subject Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl.

## COUNT ONE
## 402A STRICT LIABILITY

16.    The Plaintiff, Michael J. Sica, adopts and realleges the allegations of paragraphs one (1) through fourteen (14) of this Complaint as if fully set forth herein.

17.    The Plaintiff alleges that on or about August 5, 2021, the subject Mercury 250 HP CXL Verado outboard motor and top cowling vent was defective, causing the Plaintiff, Michael J. Sica, to suffer injuries and damages as complained of herein.  As a result thereof, the Plaintiff prosecutes this claim pursuant to the Section 402A of the Restatement (Second) of Torts.

18.    Prior to the aforesaid time and place, the Defendants, Brunswick Corporation d/b/a Mercury Marine and fictitious defendants 1-50, were engaged in the business of designing, manufacturing, inspecting, servicing, delivering, supplying, selling, engineering, marketing, and/or distributing the subject Mercury 250 HP CXL Verado outboard motor and top cowling vent throughout the United States, including the State of Alabama.  During said period of time and for valuable consideration, said Defendants designed, manufactured, inspected, serviced, delivered,

supplied, sold, and/or distributed the subject Mercury 250 HP CXL Verado outboard motor and top cowling vent which caused injuries and damages to the Plaintiff as complained of herein.

19.    Plaintiff expressly alleges that, to the extent any Defendant is deemed or found to be a distributor of the subject Mercury 250 HP CXL Verado outboard motor and top cowling vent, such Defendant was not merely a conduit of the product, but rather committed independent acts or omissions that either were causally related to the product's defective or unreasonably dangerous condition or were substantial factors in causing injury to Plaintiff, including but not limited to improper marketing, packaging, failing to include instructions and/or warnings, assembling, selling, testing, inspecting, installing, maintaining and/or repairing the product.

20.    The subject Mercury 250 HP CXL Verado outboard motor and top cowling vent reached the subject vessel, and ultimately Mr. Sica, the ultimate users, or consumers of the product, without any substantial change in its condition from the time it was designed, manufactured, marketed, sold, distributed, retailed, supplied, or otherwise placed in the stream of commerce by Defendants and/or Defendants 1-50.

21.    The Plaintiff alleges that his injuries and damages as complained of herein were caused as a proximate result of the violation of Section 402A and/or Strict Liability Doctrine and other wrongful conduct of the Defendants as described herein.

22.    More specifically, the subject Mercury 250 HP CXL Verado outboard motor and top cowling vent was defective and unreasonably dangerous in that its stern end of the top cowling vent created an overly sharp and thin knife-like pinch point which caused injury to Plaintiff, including finger amputation.

23.     At all times material hereto, the subject Mercury 250 HP CXL Verado outboard motor and top cowling vent was in a defective condition and was in an unreasonably dangerous condition in the following particulars:

a.  Defendants failed to design, manufacture, and provide a top cowling vent with a rounded edge that did not present a knife-like pinch point that could sever fingers during normal use;

b.  Defendants failed to use design and engineering skill or knowledge to produce a top cowling vent that would not allow pinch points that could sever fingers during normal use;

c.  Defendants failed to adequately inspect and test the top cowling vent for safety prior to offering it for distribution and sale;

d.  Defendants failed to discover that the top cowling was dangerously defective, improperly designed and manufactured, inadequately tested and inspected, unfit and unsafe for use, constituting a hazard for consumers, specifically the Plaintiff;

e.  Defendants failed by allowing a product into the stream of commerce that was not reasonably safe according to generally accepted production standards and practices;

f.  Defendants failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain, and to monitor their products so they would be reasonably safe for their intended use, foreseeable misuse, and to eliminate foreseeable risks of harm;

g.  Defendants failed to design, manufacture, assemble, inspect, install, test, sell, service, maintain, and to monitor its products so they would not cause injury to those relying upon their product;

h.  Defendants failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain and monitor their products with appropriate safety devices and mechanisms, where reasonably feasible, that would prevent injury;

i.  Defendants failed to warn those who purchased their products and those using their products about the dangers attendant to that use;

j.  Defendants failed to instruct those who purchased their products and those using their products of the proper methods and manner of installing and using them;

k.   Defendants failed to place clear and conspicuous warning signs and labels on the product itself, warning of the possible, probable and foreseeable dangers associated with the use of its product;

l.   Defendants failed to place clear and conspicuous warnings and/or labels on the product to warn against and prevent such use and/or misuse which is foreseeable;

m.   Defendants failed to place clear and conspicuous stickers and labels on the product to warn against and prevent the use of their products when used in connection with other products which are not equipped with proper safety devices;

n.   Defendants failed in other respects, to be proved through further discovery.

23.   As a proximate result of the wrongful conduct of the Defendants, and the aforesaid defective and unreasonably dangerous conditions, the Plaintiff, Michael J. Sica, suffered injuries and damages as complained of herein.

WHEREFORE, the Plaintiff, Michael J. Sica, demands judgment against the Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious parties, 1-50, jointly and severally, for compensatory and punitive damages in excess of the jurisdictional limits of this Court.

## COUNT TWO
## NEGLIGENCE

24.   The Plaintiff, Michael J. Sica, adopts and realleges the allegations of paragraphs one (1) through twenty-three (23) of this Complaint as if fully set forth herein.

25.     In addition, Defendants breached their aforesaid duties by negligently designing, inspecting, manufacturing, marketing and selling the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl, in an unreasonably dangerous and defective condition.  Specifically, the Defendants were negligent in the following respects:

a.  Defendants failed to design, manufacture, and provide a top cowling vent with a rounded edge that did not present a knife-like pinch point that could sever fingers during normal use;

b.  Defendants failed to use design and engineering skill or knowledge to produce a top cowling vent that would not allow pinch points that could sever fingers during normal use;

c.  Defendants failed to adequately inspect and test the top cowling vent for safety prior to offering it for distribution and sale;

d.  Defendants failed to discover that the top cowling was dangerously defective, improperly designed and manufactured, inadequately tested and inspected, unfit and unsafe for use, constituting a hazard for consumers, specifically the Plaintiff;

e.  Defendants failed by allowing a product into the stream of commerce that was not reasonably safe according to generally accepted production standards and practices;

f.  Defendants failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain, and to monitor their products so they would be reasonably safe for their intended use, foreseeable misuse, and to eliminate foreseeable risks of harm;

g.  Defendants failed to design, manufacture, assemble, inspect, install, test, sell, service, maintain, and to monitor its products so they would not cause injury to those relying upon their product;

h.  Defendants failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain and monitor their products with appropriate safety devices and mechanisms, where reasonably feasible, that would prevent injury;

i.  Defendants failed to warn those who purchased their products and those using their products about the dangers attendant to that use;

j.  Defendants failed to instruct those who purchased their products and those using their products of the proper methods and manner of installing and using them;

k.  Defendants failed to place clear and conspicuous warning signs and labels on the product itself, warning of the possible, probable and foreseeable dangers associated with the use of its product;

l.  Defendants failed to place clear and conspicuous warnings and/or labels on the product to warn against and prevent such use and/or misuse which is foreseeable;

m.  Defendants failed to place clear and conspicuous stickers and labels on the product to warn against and prevent the use of their products when used in connection with other products which are not equipped with proper safety devices;

n.  Defendants failed in other respects, to be proved through further discovery.

26.  The Plaintiff avers that the Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious parties, 1-50, negligently designed, manufactured, delivered, supplied, sold, distributed, inspected, installed, serviced, and/or repaired the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl, in such a manner that it was reasonably foreseeable that said top cowl would cause injury and damage to Plaintiff, and would fail in the manner in which it did.  Said negligent conduct of the Defendants was a proximate cause of the Plaintiff's injuries and damages as complained of herein.

27.  The Plaintiff alleges that his injuries and damages as complained of herein were caused as a proximate result of the negligent conduct and other wrongful conduct of the Defendants as aforesaid, and as a proximate result of the defective and unreasonably dangerous conditions as described herein.

WHEREFORE, the Plaintiff, Michael J. Sica, demands judgment against the Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious parties, 1-50, jointly and severally, for compensatory damages in excess of the jurisdictional limits of this Court.

## COUNT THREE
## WANTONNESS

28.   The Plaintiff, Michael J. Sica, adopts and realleges the allegations of paragraphs one (1) through twenty-seven (27) of this Complaint as if fully set forth herein.

29.   Plaintiff avers that the Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious parties, 1-50, wantonly designed, manufactured, delivered, supplied, sold, distributed, inspected, installed, serviced, and/or repaired the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl, in such a manner that it was reasonably foreseeable that said top cowl would fail in the manner in which it did.  Said wanton conduct of the Defendants was a proximate cause of the Plaintiff's injuries and damages as complained of herein.

30.   In addition, Defendants breached their aforesaid duties by wantonly designing, inspecting, manufacturing, marketing and selling the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl, in an unreasonably dangerous and defective condition.  Specifically, the Defendants were wanton in the following respects:

   a.   Defendants failed to design, manufacture, and provide a top cowling vent with a rounded edge that did not present a knife-like pinch point that could sever fingers during normal use;

   b.   Defendants failed to use design and engineering skill or knowledge to produce a top cowling vent that would not allow pinch points that could sever fingers during normal use;

c.  Defendants failed to adequately inspect and test the top cowling vent for safety prior to offering it for distribution and sale;

d.  Defendants failed to discover that the top cowling was dangerously defective, improperly designed and manufactured, inadequately tested and inspected, unfit and unsafe for use, constituting a hazard for consumers, specifically the Plaintiff;

e.  Defendants failed by allowing a product into the stream of commerce that was not reasonably safe according to generally accepted production standards and practices;

f.  Defendants failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain, and to monitor their products so they would be reasonably safe for their intended use, foreseeable misuse, and to eliminate foreseeable risks of harm;

g.  Defendants failed to design, manufacture, assemble, inspect, install, test, sell, service, maintain, and to monitor its products so they would not cause injury to those relying upon their product;

h.  Defendants failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain and monitor their products with appropriate safety devices and mechanisms, where reasonably feasible, that would prevent injury;

i.  Defendants failed to warn those who purchased their products and those using their products about the dangers attendant to that use;

j.  Defendants failed to instruct those who purchased their products and those using their products of the proper methods and manner of installing and using them;

k.  Defendants failed to place clear and conspicuous warning signs and labels on the product itself, warning of the possible, probable and foreseeable dangers associated with the use of its product;

l.  Defendants failed to place clear and conspicuous warnings and/or labels on the product to warn against and prevent such use and/or misuse which is foreseeable;

m.  Defendants failed to place clear and conspicuous stickers and labels on the product to warn against and prevent the use of their products when used in connection with other products which are not equipped with proper safety devices;

n.  Defendants failed in other respects, to be proved through further discovery.

31.  The Plaintiff alleges that his injuries and damages as complained of herein were caused as a proximate result of the negligent conduct and other wrongful conduct of the Defendants as aforesaid, and as a proximate result of the defective and unreasonably dangerous conditions as described herein.

WHEREFORE, the Plaintiff, Michael J. Sica, demands judgment against the Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious parties, 1-50, jointly and severally, for compensatory and punitive damages in excess of the jurisdictional limits of this Court.

## COUNT FOUR
## BREACH OF IMPLIED WARRANTY

32.  The Plaintiff, Michael J. Sica, adopts and realleges the allegations of paragraphs one (1) through thirty-one (31) of this Complaint as if fully set forth herein.

33.  The Plaintiff avers that the Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious parties, 1-50, impliedly warranted that the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl, were reasonably fit and suitable for the purpose for which it was intended to be used.  The Plaintiff avers that said Defendants breached said implied warranties in that the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl, were not reasonably fit and suitable for the purposes for which they were intended to be used but, to the contrary, said top cowl, was in a dangerously defective and unsafe condition.  The Plaintiff further avers that, as a proximate result of the aforesaid breach of warranties by said Defendants, the Plaintiff sustained injuries and damages as complained of herein.

14

34.     The Plaintiff alleges that his injuries and damages as complained of herein were caused as a proximate result of the wrongful conduct of the Defendants as aforesaid, and as a proximate result of the defective and unreasonably dangerous conditions as described herein.

WHEREFORE, the Plaintiff, Michael J. Sica, demands judgment against the Defendants, Brunswick Corporation d/b/a Mercury Marine and fictitious parties, 1-50, jointly and severally, for compensatory damages in excess of the jurisdictional limits of this Court.

TOBIAS & COMER LAW, LLC
Attorneys for Plaintiff

*/s  Desmond V. Tobias*
DESMOND V. TOBIAS (TOB002)
BRYAN E. COMER (COM015)
1203 Dauphin Street
Mobile, Alabama 36604
Telephone:     (251) 432-5001
Facsimile:      (251) 432-0714
desi@tobiascomerlaw.com
bryan@tobiascomerlaw.com

**PLAINTIFFS RESPECTFULLY DEMAND A TRIAL BY JURY.**

s/*Desmond V. Tobias*

**PLEASE SERVE DEFENDANT AS FOLLOWS:**

c/o UNITED AGENT GROUP, INC.          VIA CERTIFIED MAIL BY CLERK
4000 EAGLE PT CORPORATE DR.
BIRMINGHAM, AL  35242



AlaFile E-Notice

ELECTRONICALLY FILED
7/20/2022 8:38 AM
05-CV-2022-900652.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

05-CV-2022-900652.00

To: DESMOND V TOBIAS
desi@tmclawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MICHAEL J SICA V. BRUNSWICK CORPORATION D/B/A MERCURY MARINE
05-CV-2022-900652.00

The following complaint was FILED on 6/24/2022 3:34:54 PM

Notice Date:     6/24/2022 3:34:54 PM

JODY L. WISE
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-9561
jody.wise@alacourt.gov

ELECTRONICALLY FILED
6/24/2022 3:35 PM
05-CV-2022-900652.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>05-CV-2022-900652.00<br>Date of Filing:   Judge Code:<br>06/24/2022 |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**

**MICHAEL J SICA v. BRUNSWICK CORPORATION D/B/A MERCURY MARINE**

**First Plaintiff:** ☐ Business ☑ Individual   **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other   ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
TOB002   6/24/2022 3:35:57 PM   /s/ DESMOND V TOBIAS
_____   _____   _____
   Date   Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

ELECTRONICALLY FILED
6/24/2022 3:35 PM
05-CV-2022-900652.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL J. SICA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § **CIVIL ACTION NO.:** |
| BRUNSWICK CORPORATION d/b/a MERCURY | § |
| MARINE; 1-10, whether singular or plural, individuals, | § **CV-2022-_____** |
| partnerships, corporations, companies, or other legal | § |
| entities that designed, manufactured, marketed, sold, | § |
| distributed, retailed, supplied or otherwise placed in the | § |
| stream of commerce that certain Mercury 250 HP CXL | § |
| Verado outboard motor, including its top cowl (Serial No. | § |
| 2B572806, Model No. 12500017), in its defective and/or | § |
| unreasonably dangerous condition hereinafter described in | § |
| this Complaint; 11-20, whether singular or plural, the | § |
| individuals, partnerships, corporations, companies, or other | § |
| legal entities that designed, manufactured, marketed, sold, | § |
| distributed, retailed, supplied or otherwise placed in the | § |
| stream of commerce that certain Mercury 250 HP CXL | § |
| Verado outboard motor, including its top cowl, hereinafter | § |
| described in this Complaint and thereby impliedly | § |
| warranted that it was merchantable and/or fit for the | § |
| purposes for which it was designed; 21-30, whether singular | § |
| or plural, the individuals, partnerships, corporations, | § |
| companies, or other legal entities that negligently and/or | § |
| wantonly designed, manufactured, assembled, inspected, | § |
| tested, packaged, labeled, failed to provide adequate | § |
| warnings for, sold, installed, repaired and/or maintained | § |
| that certain Mercury 250 HP CXL Verado outboard motor, | § |
| including its top cow, hereinafter described in this | § |
| Complaint; 31-40, whether singular or plural, the | § |
| individuals, partnerships, corporations, companies, or other | § |
| legal entities that suppressed, concealed, failed to disclose, | § |
| and/or to warn Plaintiff that the subject Mercury 250 HP CXL | § |
| Verado outboard motor, including its top cowl, was defective | § |
| and/or unreasonably dangerous; 41-50, whether singular or | § |
| plural,  the person, firm, corporation or other entity, whose | § |
| negligence, wantonness, or other tortious conduct caused | § |
| Michael Sica to be injured, all of whose true legal names and | § |
| identities are unknown at this time but will be substituted | § |
| by amendment when ascertained, | § |
| | § |
| Defendants. | |

## COMPLAINT

Plaintiff, Michael Sica, files this Complaint against Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious defendants 1-50, stating as follows:

## I.  **PARTIES**

1.      Plaintiff Michael Sica is an adult resident citizen of Orange Beach (Baldwin County), Alabama.

2.      Defendant Brunswick Corporation is a corporation organized and existing under the laws of Delaware with its principal place of business in Fond du Lac, Wisconsin, was doing business as Mercury Marine in Baldwin County, Alabama, has an authorized Mercury Marine dealership physically in Baldwin County, Alabama, to sell their products, and sold the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl (Serial No. 2B572806, Model No. 12500017) and placed it into the stream of commerce in Baldwin County, Alabama.

3.      There is jurisdiction over all Defendants because they transact business on a regular and continuing basis in Baldwin County, Alabama and each of them caused tortuous injury to Plaintiff in the State of Alabama.

4.      Fictitious Defendants 1-10 are individuals, partnerships, corporations, companies, or other legal entities that designed, manufactured, marketed, sold, distributed, retailed, supplied or otherwise placed in the stream of commerce the Subject Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl in its defective and/or unreasonably dangerous condition.  Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time or, if the true names are known to

Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

5.     Fictitious Defendants 11-20 are individuals, partnerships, corporations, companies, or other legal entities that designed, manufactured, marketed, sold, distributed, retailed, supplied or otherwise placed in the stream of commerce the Subject Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl and thereby impliedly warranted that it was merchantable and/or fit for the purposes for which it was designed. Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time or, if the true names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

6.     Fictitious Defendants 21-30 are individuals, partnerships, corporations, companies, or other legal entities that negligently and/or wantonly designed, manufactured, assembled, inspected, tested, packaged, labeled, failed to provide adequate warnings for, sold, installed, repaired and/or maintained the Subject Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl. Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time or, if the true names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

7.     Fictitious Defendants 31-40 are individuals, partnerships, corporations, companies, or other legal entities that suppressed, concealed, failed to disclose, and/or to warn Plaintiff that the Subject Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl, hereinafter described in this Complaint was defective and/or unreasonably

dangerous. Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time or, if the true names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

8.      Fictitious Defendants 41-50 are the persons, firms, corporations or other entities, whose negligence, wantonness, or other tortious conduct caused Michael Sica to be injured. Plaintiff states that the identities of these fictitious party defendants are otherwise unknown to Plaintiff at this time or, if the true names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

## II.      JURISDICTION AND VENUE

9.      This is an action for damages in excess of the jurisdictional limits of this Court.

10.     This action is brought pursuant to the general maritime law and to the extent not applicable, Alabama law, and the court has subject matter jurisdiction over this action under the Savings to Suitors clause of 28 U.S.C. §13331) and Ala. Code § 12-11-30.

## III.     FACTUAL ALLEGATIONS

11.     On or about August 5, 2021, the Plaintiff, Michael J. Sica, was injured as the result of an incident occurring on navigable waters in Baldwin County, Alabama when a defective and unreasonably dangerous Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl severed the left index finger and lacerated his left middle finger after being caught in a dangerous pinch point on the ventilation port of the top cowl of the subject motor at a marina in Orange Beach, Alabama where the boat was docked following an offshore fishing trip. Plaintiff, Michael J. Sica, was at the stern of a recreational fishing vessel

cleaning up following a fishing trip, when another member of the fishing party stepped on the vessel causing it to rock.  Plaintiff tried to steady his balance by placing his left hand on the cowling top and then continued to fall towards the stern.  Plaintiff's fingers became stuck in the pinch point on the stern side of the ventilation port of the subject top cowl of the motor.  Plaintiff continued to fall into the water but his index finger remained lodged in the stern end of the ventilation port on the top cowl and was severed from his body.

12.     It is well known in the marine outboard industry and human factors standards, as well as other relevant design standards, that pinch points are created when two surfaces come together and that parts of the body and fingers, in particular, can be impacted.  Accordingly, edges and corners should be rounded with as large a rounding radius as practical.  In the subject Mercury 250 HP CXL outboard motor, the stern end of the cowling vent ended in a very sharp, unrounded, and overly narrow pinch point, thereby creating a defective and unreasonably dangerous condition which caused injury to Plaintiff.

13.     At all times material hereto, the Defendant was in the business of designing, manufacturing, and distributing outboard motors and so did business in the State of Alabama, and was responsible for inspection, performance, condition, sale, engineering, marketing, and delivery of the Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl made the basis of this action, and whose tortious acts proximately caused the Plaintiff's injuries and damages as complained of herein.

14.     On or about August 5, 2021, said defects of the Subject Mercury 250 HP CXL outboard motor, and its top plastic cowl, caused the Plaintiff, Michael J. Sica, to sustain the following injuries, including, but not limited to, the following:  amputation of his left index finger on his dominant hand and laceration of his middle finger of the left hand.  The Plaintiff was made

sore and lame, he suffered extreme pain, and he is permanently injured.  Additionally, the Plaintiff was caused to incur medical expenses for the treatment of his injuries and will be caused to incur additional medical expenses in the future, he suffered lost wages, he was caused to suffer both physically and emotionally and still so suffers and will so suffer in the future, and he suffered mental anguish as a result of his injuries.

15.    Prior to the time of the incident complained of herein, the Defendants knew, or should have known, of the defective and unreasonably dangerous condition of the Subject Mercury 250 HP CXL outboard motor, Serial No. 2B572806, Model No. 12500017A, and its top plastic cowl.

## COUNT ONE
## 402A STRICT LIABILITY

16.    The Plaintiff, Michael J. Sica, adopts and realleges the allegations of paragraphs one (1) through fourteen (14) of this Complaint as if fully set forth herein.

17.    The Plaintiff alleges that on or about August 5, 2021, the subject Mercury 250 HP CXL Verado outboard motor and top cowling vent was defective, causing the Plaintiff, Michael J. Sica, to suffer injuries and damages as complained of herein.  As a result thereof, the Plaintiff prosecutes this claim pursuant to the Section 402A of the Restatement (Second) of Torts.

18.    Prior to the aforesaid time and place, the Defendants, Brunswick Corporation d/b/a Mercury Marine and fictitious defendants 1-50, were engaged in the business of designing, manufacturing, inspecting, servicing, delivering, supplying, selling, engineering, marketing, and/or distributing the subject Mercury 250 HP CXL Verado outboard motor and top cowling vent throughout the United States, including the State of Alabama.  During said period of time and for valuable consideration, said Defendants designed, manufactured, inspected, serviced, delivered,

supplied, sold, and/or distributed the subject Mercury 250 HP CXL Verado outboard motor and top cowling vent which caused injuries and damages to the Plaintiff as complained of herein.

19.     Plaintiff expressly alleges that, to the extent any Defendant is deemed or found to be a distributor of the subject Mercury 250 HP CXL Verado outboard motor and top cowling vent, such Defendant was not merely a conduit of the product, but rather committed independent acts or omissions that either were causally related to the product's defective or unreasonably dangerous condition or were substantial factors in causing injury to Plaintiff, including but not limited to improper marketing, packaging, failing to include instructions and/or warnings, assembling, selling, testing, inspecting, installing, maintaining and/or repairing the product.

20.     The subject Mercury 250 HP CXL Verado outboard motor and top cowling vent reached the subject vessel, and ultimately Mr. Sica, the ultimate users, or consumers of the product, without any substantial change in its condition from the time it was designed, manufactured, marketed, sold, distributed, retailed, supplied, or otherwise placed in the stream of commerce by Defendants and/or Defendants 1-50.

21.     The Plaintiff alleges that his injuries and damages as complained of herein were caused as a proximate result of the violation of Section 402A and/or Strict Liability Doctrine and other wrongful conduct of the Defendants as described herein.

22.     More specifically, the subject Mercury 250 HP CXL Verado outboard motor and top cowling vent was defective and unreasonably dangerous in that its stern end of the top cowling vent created an overly sharp and thin knife-like pinch point which caused injury to Plaintiff, including finger amputation.

23.     At all times material hereto, the subject Mercury 250 HP CXL Verado outboard motor and top cowling vent was in a defective condition and was in an unreasonably dangerous condition in the following particulars:

     a.  Defendants failed to design, manufacture, and provide a top cowling vent with a rounded edge that did not present a knife-like pinch point that could sever fingers during normal use;

     b.  Defendants failed to use design and engineering skill or knowledge to produce a top cowling vent that would not allow pinch points that could sever fingers during normal use;

     c.  Defendants failed to adequately inspect and test the top cowling vent for safety prior to offering it for distribution and sale;

     d.  Defendants failed to discover that the top cowling was dangerously defective, improperly designed and manufactured, inadequately tested and inspected, unfit and unsafe for use, constituting a hazard for consumers, specifically the Plaintiff;

     e.  Defendants failed by allowing a product into the stream of commerce that was not reasonably safe according to generally accepted production standards and practices;

     f.  Defendants failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain, and to monitor their products so they would be reasonably safe for their intended use, foreseeable misuse, and to eliminate foreseeable risks of harm;

     g.  Defendants failed to design, manufacture, assemble, inspect, install, test, sell, service, maintain, and to monitor its products so they would not cause injury to those relying upon their product;

     h.  Defendants failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain and monitor their products with appropriate safety devices and mechanisms, where reasonably feasible, that would prevent injury;

     i.  Defendants failed to warn those who purchased their products and those using their products about the dangers attendant to that use;

     j.  Defendants failed to instruct those who purchased their products and those using their products of the proper methods and manner of installing and using them;

k.  Defendants failed to place clear and conspicuous warning signs and labels on the product itself, warning of the possible, probable and foreseeable dangers associated with the use of its product;

l.  Defendants failed to place clear and conspicuous warnings and/or labels on the product to warn against and prevent such use and/or misuse which is foreseeable;

m.  Defendants failed to place clear and conspicuous stickers and labels on the product to warn against and prevent the use of their products when used in connection with other products which are not equipped with proper safety devices;

n.  Defendants failed in other respects, to be proved through further discovery.

23.  As a proximate result of the wrongful conduct of the Defendants, and the aforesaid defective and unreasonably dangerous conditions, the Plaintiff, Michael J. Sica, suffered injuries and damages as complained of herein.

WHEREFORE, the Plaintiff, Michael J. Sica, demands judgment against the Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious parties, 1-50, jointly and severally, for compensatory and punitive damages in excess of the jurisdictional limits of this Court.

## COUNT TWO
## NEGLIGENCE

24.  The Plaintiff, Michael J. Sica, adopts and realleges the allegations of paragraphs one (1) through twenty-three (23) of this Complaint as if fully set forth herein.

25.     In addition, Defendants breached their aforesaid duties by negligently designing, inspecting, manufacturing, marketing and selling the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl, in an unreasonably dangerous and defective condition.  Specifically, the Defendants were negligent in the following respects:

a.  Defendants failed to design, manufacture, and provide a top cowling vent with a rounded edge that did not present a knife-like pinch point that could sever fingers during normal use;

b.  Defendants failed to use design and engineering skill or knowledge to produce a top cowling vent that would not allow pinch points that could sever fingers during normal use;

c.  Defendants failed to adequately inspect and test the top cowling vent for safety prior to offering it for distribution and sale;

d.  Defendants failed to discover that the top cowling was dangerously defective, improperly designed and manufactured, inadequately tested and inspected, unfit and unsafe for use, constituting a hazard for consumers, specifically the Plaintiff;

e.  Defendants failed by allowing a product into the stream of commerce that was not reasonably safe according to generally accepted production standards and practices;

f.  Defendants failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain, and to monitor their products so they would be reasonably safe for their intended use, foreseeable misuse, and to eliminate foreseeable risks of harm;

g.  Defendants failed to design, manufacture, assemble, inspect, install, test, sell, service, maintain, and to monitor its products so they would not cause injury to those relying upon their product;

h.  Defendants failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain and monitor their products with appropriate safety devices and mechanisms, where reasonably feasible, that would prevent injury;

i.  Defendants failed to warn those who purchased their products and those using their products about the dangers attendant to that use;

j.  Defendants failed to instruct those who purchased their products and those using their products of the proper methods and manner of installing and using them;

k.  Defendants failed to place clear and conspicuous warning signs and labels on the product itself, warning of the possible, probable and foreseeable dangers associated with the use of its product;

l.  Defendants failed to place clear and conspicuous warnings and/or labels on the product to warn against and prevent such use and/or misuse which is foreseeable;

m.  Defendants failed to place clear and conspicuous stickers and labels on the product to warn against and prevent the use of their products when used in connection with other products which are not equipped with proper safety devices;

n.  Defendants failed in other respects, to be proved through further discovery.

26.  The Plaintiff avers that the Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious parties, 1-50, negligently designed, manufactured, delivered, supplied, sold, distributed, inspected, installed, serviced, and/or repaired the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl, in such a manner that it was reasonably foreseeable that said top cowl would cause injury and damage to Plaintiff, and would fail in the manner in which it did. Said negligent conduct of the Defendants was a proximate cause of the Plaintiff's injuries and damages as complained of herein.

27.  The Plaintiff alleges that his injuries and damages as complained of herein were caused as a proximate result of the negligent conduct and other wrongful conduct of the Defendants as aforesaid, and as a proximate result of the defective and unreasonably dangerous conditions as described herein.

WHEREFORE, the Plaintiff, Michael J. Sica, demands judgment against the Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious parties, 1-50, jointly and severally, for compensatory damages in excess of the jurisdictional limits of this Court.

## COUNT THREE
## WANTONNESS

28.   The Plaintiff, Michael J. Sica, adopts and realleges the allegations of paragraphs one (1) through twenty-seven (27) of this Complaint as if fully set forth herein.

29.   Plaintiff avers that the Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious parties, 1-50, wantonly designed, manufactured, delivered, supplied, sold, distributed, inspected, installed, serviced, and/or repaired the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl, in such a manner that it was reasonably foreseeable that said top cowl would fail in the manner in which it did.  Said wanton conduct of the Defendants was a proximate cause of the Plaintiff's injuries and damages as complained of herein.

30.   In addition, Defendants breached their aforesaid duties by wantonly designing, inspecting, manufacturing, marketing and selling the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl, in an unreasonably dangerous and defective condition.  Specifically, the Defendants were wanton in the following respects:

    a.   Defendants failed to design, manufacture, and provide a top cowling vent with a rounded edge that did not present a knife-like pinch point that could sever fingers during normal use;

    b.   Defendants failed to use design and engineering skill or knowledge to produce a top cowling vent that would not allow pinch points that could sever fingers during normal use;

c.   Defendants failed to adequately inspect and test the top cowling vent for safety prior to offering it for distribution and sale;

d.   Defendants failed to discover that the top cowling was dangerously defective, improperly designed and manufactured, inadequately tested and inspected, unfit and unsafe for use, constituting a hazard for consumers, specifically the Plaintiff;

e.   Defendants failed by allowing a product into the stream of commerce that was not reasonably safe according to generally accepted production standards and practices;

f.   Defendants failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain, and to monitor their products so they would be reasonably safe for their intended use, foreseeable misuse, and to eliminate foreseeable risks of harm;

g.   Defendants failed to design, manufacture, assemble, inspect, install, test, sell, service, maintain, and to monitor its products so they would not cause injury to those relying upon their product;

h.   Defendants failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain and monitor their products with appropriate safety devices and mechanisms, where reasonably feasible, that would prevent injury;

i.   Defendants failed to warn those who purchased their products and those using their products about the dangers attendant to that use;

j.   Defendants failed to instruct those who purchased their products and those using their products of the proper methods and manner of installing and using them;

k.   Defendants failed to place clear and conspicuous warning signs and labels on the product itself, warning of the possible, probable and foreseeable dangers associated with the use of its product;

l.   Defendants failed to place clear and conspicuous warnings and/or labels on the product to warn against and prevent such use and/or misuse which is foreseeable;

m.   Defendants failed to place clear and conspicuous stickers and labels on the product to warn against and prevent the use of their products when used in connection with other products which are not equipped with proper safety devices;

n. Defendants failed in other respects, to be proved through further discovery.

31. The Plaintiff alleges that his injuries and damages as complained of herein were caused as a proximate result of the negligent conduct and other wrongful conduct of the Defendants as aforesaid, and as a proximate result of the defective and unreasonably dangerous conditions as described herein.

WHEREFORE, the Plaintiff, Michael J. Sica, demands judgment against the Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious parties, 1-50, jointly and severally, for compensatory and punitive damages in excess of the jurisdictional limits of this Court.

## COUNT FOUR
## BREACH OF IMPLIED WARRANTY

32. The Plaintiff, Michael J. Sica, adopts and realleges the allegations of paragraphs one (1) through thirty-one (31) of this Complaint as if fully set forth herein.

33. The Plaintiff avers that the Defendants, Brunswick Corporation d/b/a Mercury Marine, and fictitious parties, 1-50, impliedly warranted that the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl, were reasonably fit and suitable for the purpose for which it was intended to be used. The Plaintiff avers that said Defendants breached said implied warranties in that the subject Mercury 250 HP CXL Verado outboard motor, including its top cowl, were not reasonably fit and suitable for the purposes for which they were intended to be used but, to the contrary, said top cowl, was in a dangerously defective and unsafe condition. The Plaintiff further avers that, as a proximate result of the aforesaid breach of warranties by said Defendants, the Plaintiff sustained injuries and damages as complained of herein.

14

34.    The Plaintiff alleges that his injuries and damages as complained of herein were caused as a proximate result of the wrongful conduct of the Defendants as aforesaid, and as a proximate result of the defective and unreasonably dangerous conditions as described herein.

WHEREFORE, the Plaintiff, Michael J. Sica, demands judgment against the Defendants, Brunswick Corporation d/b/a Mercury Marine and fictitious parties, 1-50, jointly and severally, for compensatory damages in excess of the jurisdictional limits of this Court.

TOBIAS & COMER LAW, LLC
Attorneys for Plaintiff

/s  Desmond V. Tobias
DESMOND V. TOBIAS (TOB002)
BRYAN E. COMER (COM015)
1203 Dauphin Street
Mobile, Alabama 36604
Telephone:    (251) 432-5001
Facsimile:    (251) 432-0714
desi@tobiascomerlaw.com
bryan@tobiascomerlaw.com

**PLAINTIFFS RESPECTFULLY DEMAND A TRIAL BY JURY.**

s/*Desmond V. Tobias*

**PLEASE SERVE DEFENDANT AS FOLLOWS:**

Brunswick Corporation d/b/a Mercury Marine
c/o CT Corp System
2 North Jackson Street, Suite 605
Montgomery, AL  36104

ELECTRONICALLY FILED
6/24/2022 3:35 PM
05-CV-2022-900652.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| **MICHAEL J. SICA,** §<br><br>§<br>**Plaintiff,** §<br><br>§<br>**v.** §<br><br>§ **CIVIL ACTION NO.:**<br>§<br>**BRUNSWICK CORPORATION d/b/a MERCURY** § **CV-2022-_____**<br>**MARINE; 1-10, whether singular or plural, individuals,** §<br>**partnerships, corporations, companies, or other legal** §<br>**entities that designed, manufactured, marketed, sold,** §<br>**distributed, retailed, supplied or otherwise placed in the** §<br>**stream of commerce that certain Mercury 250 HP CXL** §<br>**Verado outboard motor, including its top cowl (Serial No.** §<br>**2B572806, Model No. 12500017), in its defective and/or** §<br>**unreasonably dangerous condition hereinafter described in** §<br>**this Complaint; 11-20, whether singular or plural, the** §<br>**individuals, partnerships, corporations, companies, or other** §<br>**legal entities that designed, manufactured, marketed, sold,** §<br>**distributed, retailed, supplied or otherwise placed in the** §<br>**stream of commerce that certain Mercury 250 HP CXL** §<br>**Verado outboard motor, including its top cowl, hereinafter** §<br>**described in this Complaint and thereby impliedly** §<br>**warranted that it was merchantable and/or fit for the** §<br>**purposes for which it was designed; 21-30, whether singular** §<br>**or plural, the individuals, partnerships, corporations,** §<br>**companies, or other legal entities that negligently and/or** §<br>**wantonly designed, manufactured, assembled, inspected,** §<br>**tested, packaged, labeled, failed to provide adequate** §<br>**warnings for, sold, installed, repaired and/or maintained** §<br>**that certain Mercury 250 HP CXL Verado outboard motor,** §<br>**including its top cow, hereinafter described in this** §<br>**Complaint; 31-40, whether singular or plural, the** §<br>**individuals, partnerships, corporations, companies, or other** §<br>**legal entities that suppressed, concealed, failed to disclose,** §<br>**and/or to warn Plaintiff that the subject Mercury 250 HP CXL** §<br>**Verado outboard motor, including its top cowl, was defective** §<br>**and/or unreasonably dangerous; 41-50, whether singular or** §<br>**plural, the person, firm, corporation or other entity, whose** §<br>**negligence, wantonness, or other tortious conduct caused** §<br>**Michael Sica to be injured, all of whose true legal names and** §<br>**identities are unknown at this time but will be substituted** §<br>**by amendment when ascertained,** §<br><br>§<br>**Defendants.** | |

**PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT BRUNSWICK CORPORATION D/B/A MERCURY MARINE**

## INTERROGATORIES

1.      State whether this Defendant is properly named in the Plaintiff's complaint. If not, provide the proper legal name for this entity.

**ANSWER:**

2.      State the name and address of the person answering these Interrogatories and, if applicable, the person's official position and/or relationship with the party to whom the Interrogatories are directed.

**ANSWER:**

3.      Answer the following questions concerning the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), including its top cowl:

a. Where was the outboard motor and its top cowling manufactured?

b. When was the outboard motor and its top cowling manufactured?

c. How many of these type outboard motors and their top cowlings were manufactured by your company between 2015 and the present date?

**ANSWER:**

4.      If you have received a customer complaint, adjustment request, warranty claim, or lawsuit regarding the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), including its top cowl, described in the Plaintiff's complaint, answer the following questions:

a. The name and address of each person complaining;

b. The type of complaint made;

c. A description of each complaint;

d. The caption and location of each lawsuit;

e. The status of each complaint, request, claim, or lawsuit.

**ANSWER:**

5.    Provide any and all information regarding the date this Defendant designed, manufactured, assembled, inspected, sold, supplied, distributed, and/or delivered, the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), and top cowl, including, but not limited to, the names, addresses, and telephone numbers of all persons, firms, corporations, or other entities responsible for same.

**ANSWER:**

6.    Describe with specificity this Defendant's knowledge of any problems with the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), including the pinch point located on its top cowl, made the basis of this lawsuit.

**ANSWER:**

7.    List all warranties supplied by this Defendant for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), including its top cowl, made the basis of this lawsuit.

**ANSWER:**

8.    Identify the designer, manufacturer, distributor, and/or seller of the subject plastic top cowl, a component part of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017).

**ANSWER:**

9.     Describe any and all changes or modifications known to this Defendant which were made to the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), including its top cowl, after its design, manufacture, assembly, inspection, sale, supply, distribution, and/or delivery by this Defendant.

**ANSWER:**

10.    Describe each and every intended purpose of the subject upper cowl on the Subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017).

**ANSWER:**

11.    State when and how this Defendant first received knowledge or notice of the Plaintiff's injury on August 5, 2021, and describe this Defendant's understanding of the accident made basis of the Plaintiff's Complaint.

**ANSWER:**

12.    Identify any and all claims, claimants, and suits against this Defendant for the ten (10) years preceding the filing of this lawsuit relative to substantially similar Mercury 250 HP CXL Verado outboard motors, including their top cowls, that were designed, manufactured, assembled, inspected, sold, supplied, distributed, and/or delivered by this Defendant.

**ANSWER:**

13.    Produce records or notices of complaints regarding pinch points on Mercury 250 HP CXL Verado outboard motors, including their top cowls, that were designed, manufactured or supplied by this Defendant.

**ANSWER:**

14.    State your role in the design, manufacture, assembly, distributive chain, sale, repair

and/or maintenance of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), including its top cowl. If you claim you had no such role, identify the person or entity that did have such role.

**ANSWER:**

15.     Please list any and all standards which pertain to the design, manufacture, assembly, repair, service, inspection and/or maintenance of the subject Mercury 250 HP CXL Verado outboard motor, including the top cowl design, including all standards promulgated by local, state or governmental agencies, bureaus, commissions or industry groups and any standards which may be applicable to pinch points on the top cowl.

**ANSWER:**

16.     State whether any notice, warning, brochure, instruction, pamphlet or other printed material has ever been published and/or distributed which contains warnings concerning the possibility of injury resulting from the operation and/or use of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), including its top cowl. If so, identify each publication and/or item distributed, including, but not limited to, the title and date of each such publication and/or item, who published the material and to whom the material was distributed.

**ANSWER:**

17.     State the name, business address, business telephone number, business occupation, residence address and residence telephone number of each individual known to you, your attorneys, your insurance adjusters, or any of your agents, servants or employees who has any knowledge concerning the allegations in the complaint and, as to each such person identified, state what you understand or believe to be the substance of such knowledge.

**ANSWER:**

18.    Are you a parent company, subsidiary, branch, division or affiliated in any way, either directly or indirectly, to another corporation or other form of business entity?  If your answer is yes, please state the following:

> a) The name, address and telephone number of the principal place of business of each such business entity; and
>
> b) Your relationship with each business entity (i.e., parent, subsidiary, branch, division, etc.).

**ANSWER:**

19.    Describe the sale of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), and its top cowl, including the dates it was sold, shipped and delivered and to whom it the sale occurred.

**ANSWER:**

20.    Describe all materials shipped with the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl, including manuals, warnings, and pamphlets, including any information on the product.

**ANSWER:**

21.    Describe any testing or engineering analysis, including any mechanical pinch point analysis, conducted by this Defendant on the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), including its top cowl.

**ANSWER:**

22.    Describe the material composition of the top cowl of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), and any change in this

composition in the last ten years.

**ANSWER:**

23.    List the number of products shipped to the State of Alabama by this Defendant in the past five years.

**ANSWER:**

24.    Describe any and all policies of insurance which you contend covers or may cover this Defendant for the allegations set forth in the Plaintiff's Complaint, detailing as to such policies, the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

**ANSWER:**

25.    List the names, addresses, and telephone numbers of all persons who are believed, or known by this Defendant, its agents, or its attorneys to have any knowledge concerning any issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

**ANSWER:**

26.    State whether this Defendant is aware of any statements, written or otherwise, which are in existence in connection with the subject matter of this lawsuit. If so, state the name, residence address, and telephone number of the person making the statement, the date the statement was made, and the name, residence address, and telephone number of the person presently having custody of each such statement, and the substance of each statement.

**ANSWER:**

27.    State the names, addresses, and telephone numbers of the expert witnesses this Defendant intends to call at the trial of this cause, including the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts

and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

28.     Provide the complete name, residence address, business address, and telephone number of any entity and/or person, party, or otherwise which this Defendant claims should be named as a party Defendant in this action.

**ANSWER:**

29.     State whether this Defendant has made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case. If so, state the terms of the agreement and the parties to it.

**ANSWER:**

30.     State the name, residence address, and telephone number of each and every person whom you know to have knowledge of any discoverable matter with regard to liability and/or damages in this case.

**ANSWER:**

## <u>REQUESTS FOR PRODUCTION</u>

1.      State the number and produce copies of the following, along with all documents relating thereto, from all sources, of which this Defendant is aware and which relate or potentially relate to the defects in the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), and its top cowl:

      a.      Owner complaints;

      b.      Field reports;

      c.      Incident reports;

      d.      Subrogation claims;

      e.      Lawsuits, and

      f.      Arbitration proceedings.

**RESPONSE:**

2.     Produce any service bulletins, advisories, or other communication to Mercury Marine retailers, dealers or distributors, boat owners, or any field office of Brunswick Corporation d/b/a Mercury Marine, or other location, pertaining to the defects in the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), and its top cowl, and provide a representative copy of each such document.

3.     Produce documentation of the following warranty information for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), including its top cowl:

      a.      The terms of the warranty provided by the manufacturer. If the terms changed at any time in or after the original manufacture, so state;

      b.      Describe each type of Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), and top cowl failure or other problem that is covered under warranty;

      c.      A description of each type of plastic top cowl or other problem not covered under warranty, including any changes since the original manufacture;

      d.      The total number of warranty claims, including extended warranty claims, and requests for "good will" or other adjustments received by Brunswick Corporation d/b/a Mercury Marine that relate or potentially relate to alleged defects

in the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), and its top cowl.

**RESPONSE:**

4.    Produce any documents relating to studies, surveys, and investigations including, but not limited to, inquiries, tests, reports, assessments, and evaluations, from all sources, in possession or control of Brunswick Corporation d/b/a Mercury Marine, or of which it is otherwise aware, that relate or may relate to the alleged defect in the subject upper cowl of the Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017).  Include all pertinent documents, regardless of whether they are in interim, draft, of final form, and regardless of the original purpose for gathering the information.

**RESPONSE:**

5.    Produce any written or oral communications with retailers concerning the alleged defect in the subject upper cowl of the Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017).

**RESPONSE:**

6.    Produce documentation of all modifications or changes made by or on behalf of Brunswick Corporation d/b/a Mercury Marine, in the manufacture, design, construction, or material composition of the subject upper cowl of the Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017), from 2004 to the present date.

**RESPONSE:**

7.      If any of your employees, past or present, have provided sworn testimony in a lawsuit involving defects in the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl, between 2004 and the present, produce a copy of any such deposition in your possession or control.

**RESPONSE:**

8.      Produce all purchase and sales documents, invoices, contracts, warranty records, service records, and other documents and communications that refer to, discuss or reflect the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

9.      Produce all advertising and promotional documents, including but not limited to literature, brochures, pamphlets, photographs, video, internet and magazine campaigns, television advertisements and catalogs provided to authorized dealers and/or potential end-consumers for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl from 2004 to the present.

**RESPONSE:**

10.      Produce all documents requested or obtained by you from any third-party in connection with your efforts to discover information from third parties regarding this case, whether obtained informally through the use of authorizations provided by Plaintiff, or through formal process, subpoena, deposition on written questions or other third-party discovery technique.

**RESPONSE:**

    11.    Produce all documents supporting each of your affirmative defenses.

**RESPONSE:**

    12.    Produce all documents that reflect the patents and/or design specifications of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

    13.    Produce all documents distributed to consumers, retailers or distributors that refer to, discuss, or reflect safety notices and communications or user instructions for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

    14.    Produce the owner's manuals (and supplements thereto) for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cow for all years from the date of initial manufacture to present.

**RESPONSE:**

    15.    Produce all internal emails, memoranda, and other documents showing what you knew about hazards regarding the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl and when you knew.

**RESPONSE:**

16. For the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl, produce the bill of lading, unit inquiry, purchase order, invoice for original sale, and certificate of origin.

**RESPONSE:**

17. Produce all engineering change orders and manufacturing documents related to the Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

18. Produce all service bulletins applicable to the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

19. Produce all documents relating to your field testing (or field testing conducted on your behalf by third parties) of safety devices to address the risk of finger amputations due to the knife-like sharpness of the vent on the outboard motor's top cowl.

**RESPONSE:**

20. Produce all documents and communications addressing consumer complaints regarding the risk of finger amputations due to the knife-like sharpness of the vent on the outboard motor's top cowl.

**RESPONSE:**

21. Produce all marketing planning documents for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

22. Produce the product overview for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

23. Produce all training and instructional documents, photographs and videos provided to consumers or authorized dealers of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

24. Produce all reports, studies, analysis, research and memoranda regarding your marketing strategies for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

25. Produce all draft and final post-sale warnings, recall notices, advisories, safety alerts, or similar documents prepared or issued by you, one of your retailers, or any government agency for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

26. Produce your warranty agreements with your retailers and other third parties for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

27.     Produce all product safety reviews for or relating to the subject Mercury 250 HP

CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its

top cowl, whether performed by you or a third party.

**RESPONSE:**

28.     Produce all risk analysis, risk assessment, safety reports or memoranda for, or

relating to, the subject Mercury 250 HP CXL Verado outboard motor (Serial No.

2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

29.     Produce all protocols, manuals, policies, and procedures related to the following:

a.      Manufacturing and production of the subject Mercury 250 HP CXL Verado

outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl;

b.      Quality assurance, quality management and quality improvement, including

but not limited to, testing, inspection, and failure rates of the subject Mercury 250

HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and

its top cowl;

c.      Complaints and inquiries, including but not limited to, adjustments and

claim rates, from customers and employees pertaining to the subject Mercury 250

HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and

its top cowl;

d.      Marketing and sales of the subject Mercury 250 HP CXL Verado outboard

motor (Serial No. 2B572806, Model No. 12500017) and its top cowl; and

e.    Training pertaining to the manufacturing, production, quality assurance, management and improvement of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

30.    Produce all documents reflecting your risk and safety analysis for the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

31.    Produce all reports of injuries (including your initial summary of reports and disclosures to government agencies) to users while using the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

32.    Produce all standards, codes, regulations, treatises, publications, and/or other supporting data or documents relied upon by each expert you will or may call at the trial of this action.

**RESPONSE:**

33.    Any communication between you, your companies, your retailers, or your representatives and consumers or their attorneys wherein you gave a consumer some sort of deal, trade-in, adjustment, or other form of swap, exchange, or consideration after they complained about the failure or issues of the Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

34.     Produce any and all written or oral communication between this Defendant and the manufacturer of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

35.     Produce any and all written documents from the manufacturer of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

36.     Produce true and complete copies of any and all documents relative to the design, manufacture, assembly, inspection, sale, supply, distribution, and/or delivery of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl, including any owner's manuals or safety manuals.

**RESPONSE:**

37.     Produce true and complete copies of any and all brochures, manuals, booklets, sales promotional material, or other literature relative to the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

39.     Produce true and complete copies of any and all brochures, manuals, booklets, sales

promotional material, or other literature relative to items warranted by manufacturers of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl, other than this Defendant.

**RESPONSE:**

40.     Produce true and complete copies of all regulatory standards, or other applicable standards, relative to the design and manufacture of the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

41.     Produce true and complete copies of any and all warranties provided by this Defendant that were in effect on the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl, at the time of design, manufacture, assembly, inspection, and delivery.

**RESPONSE:**

42.     Produce true and complete copies of all correspondence, documents, letters, notes, memoranda, incident reports, investigation reports, or other written communication, of any type whatsoever, between any parties to this lawsuit, regarding or referring in any way to the subject matter of this lawsuit.

**RESPONSE:**

43.     Produce true and complete copies of any and all documents evidencing communication between this Defendant, and anyone acting on behalf of this Defendant, relative to complaints or problems with the subject Mercury 250 HP

CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl.

**RESPONSE:**

44.    Produce true and complete copies of any and all statements, whether written or otherwise, which are in existence in connection with the subject matter of this lawsuit.

**RESPONSE:**

45.    Produce true and complete copies of any photographs, films, slides, videos, or other graphic depictions made relative to the subject matter of this lawsuit, made at any time, or which depict the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl, and provide information regarding when the photographs, films, slides, videos, or other graphic depictions were taken, and the name, address, and telephone number of the person(s) who took same.

**RESPONSE:**

46.    Produce true and complete copies of any and all information, documentation, or thing from which this Defendant based its understanding of the cause of the accident made basis of the Plaintiff's Complaint.

**RESPONSE:**

47.    Produce true and complete copies of any and all reports, including expert and/or causation reports, prepared relative to the subject accident.

**RESPONSE:**

48.   Produce true and complete copies of this Defendant's investigative file regarding the subject accident including, but not limited to, photographs, statements, reports, etc.

**RESPONSE:**

49.   Produce true and complete copies of any and all policies of insurance which this Defendant contends covers or may cover this Defendant for the allegations set forth in the Plaintiff's Complaint.

**RESPONSE:**

50.   Produce true and complete copies of documentation, records, and/or any and all inspection or pre-inspection reports pertaining to the subject Mercury 250 HP CXL Verado outboard motor (Serial No. 2B572806, Model No. 12500017) and its top cowl made the basis of the Plaintiff's Complaint made by or on behalf of this Defendant or this Defendant's insurance carrier(s).

**RESPONSE:**

51.   Produce true and complete copies of any reports, evaluations, notes, or other written analysis by any expert this Defendant intends to call as a witness in this case, as well as a copy of the Curriculum Vitae of each such expert.

**RESPONSE:**

52.   Produce true and complete copies of any other documentation relied upon in preparing these Answers by this Defendant.

**RESPONSE:**

TOBIAS & COMER LAW, LLC
Attorneys for Plaintiff

*s/Desmond V. Tobias*
DESMOND V. TOBIAS (TOB002)
1203 Dauphin Street
Mobile, Alabama 36604
Telephone:      (251) 432-5001
Facsimile:      (251) 432-0714
desi@tobiascomerlaw.com



AlaFile E-Notice

05-CV-2022-900652.00

To:  DESMOND V TOBIAS
     desi@tmclawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MICHAEL J SICA V. BRUNSWICK CORPORATION D/B/A MERCURY MARINE
05-CV-2022-900652.00

The following alias summons was FILED on 7/20/2022 8:37:45 AM

Notice Date:     7/20/2022 8:37:45 AM

BRENDA Q. GANEY
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-9561
brenda.ganey@alacourt.gov



USPS CERTIFIED MAIL

**9214 8901 7301 4105 2200 0500 04**

*312 COURTHOUSE SQUARE*
*SUITE 10*
*BAY MINETTE, AL, 36507*

**05-CV-2022-900652.00**

To: BRUNSWICK CORPORATION D/B/A MERCURY MARINE
UNITED AGENT GROUP INC.
4000 EAGLE POINT CORP DR
BIRMINGHAM, AL 35242

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

**MICHAEL J SICA V. BRUNSWICK CORPORATION D/B/A MERCURY MARINE**
**05-CV-2022-900652.00**

The following alias summons was FILED on 7/20/2022 8:37:45 AM

Notice Date: 7/20/2022 8:37:45 AM

**BRENDA Q. GANEY**
**CIRCUIT COURT CLERK**
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL 36507

251-937-9561
brenda.ganey@alacourt.gov



AlaFile E-Notice



05-CV-2022-900652.00

To:   COMER BRYAN EUGENE
       bryan@tobiascomerlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MICHAEL J SICA V. BRUNSWICK CORPORATION D/B/A MERCURY MARINE
05-CV-2022-900652.00

The following alias summons was FILED on 7/20/2022 8:37:45 AM

Notice Date:        7/20/2022 8:37:45 AM

BRENDA Q. GANEY
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-9561
brenda.ganey@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>05-CV-2022-900652.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA
### MICHAEL J SICA V. BRUNSWICK CORPORATION D/B/A MERCURY MARINE

**NOTICE TO:** BRUNSWICK CORPORATION D/B/A MERCURY MARINE, UNITED AGENT GROUP INC. 4000 EAGLE POINT CORP DR, BIRMINGHAM, AL 35242

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DESMOND V TOBIAS                                                                                                                ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1203 Dauphin Street, MOBILE, AL 36604                                                 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SICA MICHAEL J
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 07/20/2022 | /s/ BRENDA Q. GANEY | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.                    /s/ DESMOND V TOBIAS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                                            .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in                                                            County,

*(Name of Person Served)*                                    *(Name of County)*

Alabama on                              .

*(Date)*

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

*(Server's Printed Name)*          *(Phone Number of Server)*

**UNITED STATES POSTAL SERVICE**

July 25, 2022

Dear Circuit Clerk:

**UJS Information**

| | |
|---|---|
| Case Number: 05-CV-2022-900652.00 | Intended Recipient: |
| Document Type: Alias Summons | BRUNSWICK CORPORATION D/B/A MERCURY MARINE |
| Restricted Delivery Requested: No | UNITED AGENT GROUP INC. |
| | 4000 EAGLE POINT CORP DR |
| | BIRMINGHAM, AL 35242 |

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4105 2200 0500 04**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Front Desk/Reception/Mail Room |
| **Status Date / Time:** | July 25, 2022, 2:14 pm |
| **Location:** | BIRMINGHAM, AL 35242 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Recipient Signature

Signature of Recipient: *KS ØRY5C-19 Corp Creation*

Address of Recipient: *4000 EPC.DR 35242*

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



AlaFile E-Notice

05-CV-2022-900652.00

Judge: C. JOSEPH NORTON

To:   TOBIAS DESMOND VAUGHN
      desi@tmclawyers.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MICHAEL J SICA V. BRUNSWICK CORPORATION D/B/A MERCURY MARINE
05-CV-2022-900652.00

The following matter was served on 7/25/2022

D001 BRUNSWICK CORPORATION D/B/A MERCURY MARINE
Corresponding To
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

BRENDA Q. GANEY
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-9561
brenda.ganey@alacourt.gov



AlaFile E-Notice

05-CV-2022-900652.00

Judge: C. JOSEPH NORTON

To: COMER BRYAN EUGENE
bryan@tobiascomerlaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MICHAEL J SICA V. BRUNSWICK CORPORATION D/B/A MERCURY MARINE
05-CV-2022-900652.00

The following matter was served on 7/25/2022

D001 BRUNSWICK CORPORATION D/B/A MERCURY MARINE

Corresponding To

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

BRENDA Q. GANEY
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-9561
brenda.ganey@alacourt.gov



AlaFile E-Notice

05-CV-2022-900652.00

Judge: C. JOSEPH NORTON

To:  BRUNSWICK CORPORATION D/B/A MERCURY MARINE (PRO SE
UNITED AGENT GROUP INC.
4000 EAGLE POINT CORP DR
BIRMINGHAM, AL, 35242-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MICHAEL J SICA V. BRUNSWICK CORPORATION D/B/A MERCURY MARINE
05-CV-2022-900652.00

The following matter was served on 7/25/2022

D001 BRUNSWICK CORPORATION D/B/A MERCURY MARINE
Corresponding To
CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

BRENDA Q. GANEY
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-9561
brenda.ganey@alacourt.gov